EPPERSON v. STANSILL.

1. New Trial.—It is error of law to grant a new trial for misdirection of the jury if instruction be correct.
2. Real Property—Adverse Possession—Limitation of Actions.— When the heir is in of his ancestor's possession of realty and makes no new entry, the possession of ancestor and heir may be united in making out the statutory period.

Before Aldrich, J., Sumter, November, 1901. Reversed.

Action by Mary A. Epperson against Charles W. Stansill. From judgment setting aside verdict in favor of defendant, defendant appeals.

*Messrs. Haynesworth & Haynesworth, Cooper & Fraser,* for appellants, cite: *Heir may tack his possession to that of ancestor:* 26 S. C., 219; 29 S. C., 380. *Request embodying an erroneous principle should not be read before the jury:* 51 S. C., 312. *As to construction of Judge's charge:* 45 S. C., 156; 22 S. C., 165, 191; 54 S. C., 90.

*Messrs. L. D. Jennings* and *John H. Clifton,* contra, cite: *Misdirecting jury is good ground for new trial:* 16 Ency., 1 ed., 503, 504, 505, 507. *The fourth request of defendant is not applicable to this case:* 48 S. C., 488. *There can be no adverse holding by one tenant in common until ouster:* 26 S. C., 179, 244; 38 S. C., 394.

September 4, 1902. The opinion of the Court was delivered by

Mr. Justice Jones. This was an action for partition of land between plaintiff and defendant as tenants in common, the complaint alleging the interest of plaintiff therein to be five-sixths interest in fee and of the defendant to be one-sixth interest in fee. The answer denied that plaintiff had any interest in the premises, alleged sole ownership in defendant, and plead the statute of limitations. The issue of title thus raised was submitted to a jury, Judge Aldrich presiding, and the jury rendered a verdict in favor of the defendant. Whereupon plaintiff moved for a new trial, which was granted in the following order from which comes this appeal: "A motion for a new trial having been made in this case on the minutes of the Court on the ground that the Circuit Judge read the defendant's fourth (4th) request to

charge to the jury, but did not charge the same, and thereby misled the jury by the intimation that he had adopted the same, whereas, he intended to refuse to charge the same. After a full argument by the counsel, it is ordered: That said motion be and the same is hereby granted, and a new trial ordered."

The request to charge referred to is as follows: "4. That if the jury believe that James Wallace Epperson and James M. Epperson were ancestor and heir, and that they or either of them held ten years' consecutive possession of the land in dispute, claiming it as their own, then the plaintiff's right of action is barred, and they must find for the defendant. *Turpin* v. *Sudduth,* 53 S. C., p. 295." The facts are thus stated in the "case:" "The plaintiff introduced in evidence a deed of the land in dispute to James L. Epperson, signed by one John B. Johnston, executed in 1879. Plaintiff further proved that James M. Epperson was one of the children of James L. Epperson. That James Wallace Epperson was the son of James M. Epperson. That James Wallace Epperson conveyed the land in dispute to the defendant, Stansill, in 1894. That James M. Epperson died in 1882 and James L. Epperson died in 1892. Plaintiff claimed and introduced evidence in support thereof, that lot was an open lot and that James L. Epperson had such possession as the nature of the case would permit, and also claimed and introduced evidence in support thereof that plaintiff and defendant claimed title from 'a common source.' Defendant claimed and introduced evidence in support thereof, that James L. Epperson never had any possession, but that James M. Epperson was in possession before and at the time of his death; that the guardian of James Wallace Epperson had possession from the death of James M., his father, until he came of age, and that James Wallace had possession up to the deed to Stansill and Stansill had possession ever since."

The effect of the order was to grant a new trial, because in the opinion of the trial Judge the jury had been misdi-

rected by him. It is error of law to grant a new trial for misdirection of the jury if, in fact, the instruction is correct. The question, then, is whether the fourth request to charge was correct and applicable to the case. The theory of the plaintiff was that the defendant was entitled to one-sixth in fee of the land as grantee of the grand-son of James L. Epperson, the alleged common source, but the contention of the defendant was that he was sole owner as grantee of James Wallace Epperson, the heir of James M. Epperson, and that his grantor had acquired title by adverse possession under claim of right, sole or connected with the possession of his ancestor. This rendered it proper to have the jury instructed as to the right of the heir to take his possession with that of his ancestor in making out title under the statute of limitations. Adverse possession of land for ten years confers title in the possessor, provided the State has actually or presumptively parted with title. *Busby* v. *R. R. Co.,* 45 S. C., 313, 23 S. E. R., 50; *Duren* v. *Kee,* 50 S. C., 457, 27 S. E. R., 875; *Kolb* v. *Jones,* 62 S. C., 195. If possession of land is transmitted by the act of desseisor before the statutory bar is complete, the grantee of the desseisor cannot unite his possession with that of the desseisor in order to show adverse possession for the requisite period. *Pegues* v. *Warley,* 14 S. C., 189; *Ellen* v. *Ellen,* 16 S. C., 132; *Burnett* v. *Crawford,* 50 S. C., 167, 27 S. E. R., 645. But when the heir is in of his ancestor's possession and makes no new entry, the possession of ancestor and heir may be united in making out the statutory period. *Williams* v. *McAlily,* Cheves, 205; *Duren* v. *Kee,* 26 S. C., 224, 2 S. E. R., 4; *Johnson* v. *Cobb,* 29 S. C., 380, 7 S. E. R., 601; *Turpin* v. *Sudduth,* 53 S. C., 311, 31 S. E. R., 245, 306. The distinction being that when possession is cast by operation of law from ancestor to heir in possession, there is no break in the continuity of possession; whereas, in the case of desseisor and grantee, there is a new entry and a break in the continuity of possession. The fourth request to charge was, therefore, correct

and applicable to the case. It cannot be said that the charge was faulty in failing to state that the possession must be adverse, for as shown in *Kolb* v. *Jones,* 62 S. C., 195, a possession is adverse when it is under claim of right. Nor can it be said that the charge was faulty in failing to state the law when the parties claim from a common source, for the jury were fully instructed as to that in other portions of the charge.

The judgment of the Circuit Court is reversed.