THE DARLINGTON OIL CO. v. PEE DEE OIL AND ICE CO.

NEW TRIAL.—An order granting a new trial because, in the opinion of the trial Judge, the verdict is against the great weight of the testimony, will not be disturbed, unless appellant shows that there has been an abuse of discretion.

Before ALDRICH, J., Darlington, March, 1902.    Affirmed.

Action by the Darlington Oil Co. against Pee Dee Oil and Ice Co. From order granting new trial, after verdict, defendant appeals on the following exceptions:

"I. There was error on the part of his Honor, the presiding Judge, in sustaining, as he did, the plaintiff's fifth ground of motion for a new trial, which was, as given in his Honor's order: 'Because your Honor omitted in submitting to the jury the question as to compensatory damages,' and ordering a new trial thereon:

"First: Because, even had his Honor used the words 'punitive,' or 'exemplary,' where he intended to use, and should have used the word 'compensatory,' it could not have misled the jury when taken in connection with the rest of his charge, inasumch as his Honor in the body of the charge, as stated by him in his said order, explained fully to the jury what were compensatory and what exemplary damages, and when each of such classes of damages should be given by the jury.

"Second: Because in his charge to the jury there was no such 'slip of the tongue' as his Honor supposed he had made, and his Honor did not use the word 'exemplary' where the word 'compensatory' should have been used, either in directing the jury as to the form of the verdict, or elsewhere in his

charge, as will appear from an examination of his charge in full delivered to the jury.

"II. His Honor having held that the verdict of the jury was not against, but was in keeping with the weight and force of the evidence, both as to plaintiff's claim for compensatory or actual, and also for exemplary or punitive damages, erred in granting a new trial upon the ground that plaintiff was entitled to nominal damages:

"First: Because, even if plaintiff was entitled under the view of his Honor to a verdict for nominal damages, such verdict would be merely to establish plaintiff's right to the use of the property, to wit: the track scales in question, and failure to render such verdict would not entitle the plaintiff to a new trial on all the issues involved both as to actual and exemplary damages, upon both of which the verdict was correct, and was concurred in by the Court; the way being still open to plaintiff for a full hearing upon the question of its right to use said scales.

"Second: Because the issue as to plaintiff's easement, or its right to the use of the property, which might have been established by a verdict for nominal damages, still remained an issue for the Court to determine after the rendition of the verdict, the right of the plaintiff to have such issue tried and determined by the Court having been fully recognized, and an order granted by his Honor directing that an issue involving the right to such use of the property be tried by a jury.

"Third: Because the question of nominal damages was not submitted to the jury, nor was there any request to charge the jury thereon, plaintiff having relied entirely upon its claim for compensatory and exemplary damages as to which the verdict was sustained by the Court, and upon having the issue as to the use of the property tried by the Court, which right of plaintiff was fully preserved.

"III. His Honor erred, it is respectfully submitted, in sustaining another of plaintiff's grounds, to wit: the fourth ground, and thereupon ordering a new trial, because in the opinion and judgment of his Honor, as stated in his said

order, the testimony overwhelmingly sustained the plaintiff's allegations that the track scales were attached to the realty, and were fixtures.

"First: Because the failure of the jury to find according to the weight of the testimony on that question could only bear upon the right to a verdict for nominal damages, or the mere establishment of plaintiff's right to use the property, upon which an issue is now pending, and would not entitle the plaintiff to a new trial upon the whole case, as his Honor sustained the verdict of the jury in favor of the defendant upon the claim of plaintiff both as to compensatory, or actual, and exemplary damages, and did not charge, and was not requested to charge, the jury as to the right to recover nominal damages.

"Second: Because his Honor should have concluded that the jury solved the said question of easement according to the weight of the evidence, and in keeping with his charge, and yet found a verdict for defendant, as there was no proof of damages, and thus sustained the verdict, inasmuch as his Honor held that only nominal damages could have been found under the testimony, thereby holding in effect that the verdict of the jury was correct upon all the issues submitted to it, or as to which he was requested to charge.

"Third: Because, not only did his Honor sustain the verdict of the jury as to plaintiff's claims for compensatory and exemplary damages, and did not charge the jury, nor was he requested to charge, as to the right to a verdict for nominal damages, but also because the plaintiff's right to the use of the property in question could be determined by the Court after the rendition of the verdict, and a hearing by the Court thereupon was asked for by plaintiff after the order granting a new trial, which said request was complied with, and an issue thereon was ordered and is now pending.

"IV. His Honor erred in sustaining so much of the plaintiff's fourth ground of the motion for a new trial, to wit: that the 'Verdict of the jury was against the weight of the evidence as to the force necessary to constitute a cause of

action;' and also so much of the sixth ground as he sets out in his said order, to wit: 'Because the verdict was contrary to your Honor's charge on the question of * * * force necessary to constitute a cause of action and as to damages;' it being respectfully submitted that, in considering said grounds, his Honor's conclusions should have led to a refusal thereon of the motion for a new trial, because, according to the conclusion of his Honor as to the failure of plaintiff to prove either compensatory, or actual, and exemplary, or punitive damages, the jury could only have found a verdict for nominal damages, at all events, which would merely have established the right to the use of the property, which issue is now pending, and which the plaintiff may yet have determined as dictated by the Court, and also because neither did his Honor charge upon the right to nominal damages, nor was he requested by the plaintiff so to charge.

"V. Because, as it is respectfully submitted, the said question relating to an easement, or the right to the use of the property in question by the plaintiff, is involved in the equitable issue yet to be heard upon the pleadings and as directed by the Court, and was not necessarily involved in the legal issue of damages passed upon by the jury, and there was no right in the plaintiff to have such issue submitted to the jury, and thereon a right to a new trial could not arise.

"VI. Because the conclusion of the jury upon the question of damages submitted to them, upon which alone they could find a verdict was correct and was entirely in accord with the view or conclusions of his Honor, upon the question both of compensatory or actual, as well as exemplary damages, as expressed in his order granting plaintiff's motion, and the motion for a new trial should.have been refused."

*Messrs. Woods & Macfarlan,* for appellants, cite: 1 Bail., 98; 2 Speer, 168; 6 Rich., 69; Woods Mayne on Dam., 10; 8 Ency., 2 ed., 560; 23 S. C., 231; 36 S. C., 587.

*Messrs. W. F. Dargan* and *E. Keith Dargan,* contra, cite:

4—68·

57 S. C., 400; 2 S. C., 388; 8 S. C., 173; 62 S. C., 196; *Carroll* v. *Char. & Seashore R. R.,* 65 S. C.

January 8, 1904. The opinion of the Court was delivered by

JUDGE ERNEST GARY, *Acting Associate Justice, in place of* MR. JUSTICE WOODS, *disqualified.* This action was commenced September 26, 1900, by the service of a summons and complaint upon the defendant, a notice of no personal claim on the Virginia-Carolina Chemical Co., and the legal issue of damages was tried before his Honor, Judge James Aldrich, and a jury, at the spring term of the Court in Darlington, in March, 1902, between plaintiff and the defendant, the Pee Dee Oil and Ice Co. The jury rendered a verdict for the defendant in the words, "We find for the defendant." Upon the rendition of this verdict, the plaintiff gave notice of a motion for a new trial. The presiding Judge (Aldrich) granted the motion in an order bearing date March 27, 1902, and which is set out in full in the case. In this order it appears that he sustained the motion for a new trial on the 4th, 5th and 6th grounds set out in the "notice of motion." From this order the Pee Dee Oil and Ice Co. appeals to this Court.

The 4th ground is as follows: "Because the verdict of the jury was against the weight of the evidence as to the plaintiff's easement, as to the notice of the reservation in the deed, as to the force necessary to constitute a cause of action, as to the compensatory damages, and as to the exemplary damages."

The 5th ground is: "Because your Honor omitted in submitting to the jury the question of compensatory damages."

And the 6th is: "Because the verdict was contrary to your Honor's charge on the question of easement, the construction of the deed, notice of the deed, force necessary to constitute a cause of action and as to the damages."

In passing upon the fourth ground, the presiding Judge uses this language: "The fourth ground is as follows:

'Because the verdict of the jury was against the weight of the evidence as to plaintiff's easement.' This ground is sustained; in my opinion and judgment, the testimony overwhelmingly sustains the plaintiff's allegations, viz: that the track scales were attached to the realty, fixtures, and intended to be such and to remain such. It is not certain that the jury did decide that said scales were not fixtures, but the jury may have so decided, and, therefore, this is a ground for granting a new trial." * * * "The fourth ground also charges that the verdict of the jury was against the weight of the evidence * * * as to the force necessary to constitute a cause of action; and the sixth ground is: 'Because the verdict was contrary to your Honor's charge on the question * * * and on the question of force necessary to constitute a cause of action, and as to the damages.' The request of defendant to charge, referred in various ways to this question. I passed upon these requests, but these requests did not cover the issue. * * * I read this admission to the jury and in several places stated it in my charge. This admission or statement in answer, considered in connection with the testimony and the charge, sustains so much of these two grounds as I have set out: *The verdict, was, in my judgment, against the great weight of the testimony and was contrary to the charge of the Court*" (italics mine).

The exceptions to the order granting a new trial should be set out in the report of the case which in different language, imputes error to the Circuit Judge in granting a new trial in this cause. Section 2734 of the Code of Laws provides that "The Circuit Courts shall have the power to grant new trials in cases where there has been a trial by jury for reason for which new trials have been granted in the Courts of law in this State." Section 286 of the Code of Procedure, in subdivision 4, contains a provision that the Judge who tries a cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside the verdict and grant a new trial, upon exceptions or upon insufficient evidence, or for excessive damages; but such motions, if put

upon the minutes, can only be put at the same time at which the trial is had. In *Dent* against *Bryce,* 16 S. C., page 14, Mr. Chief Justice Simpson uses this language: "It needs no authority, then, to say that the jury is bound to take the law from the Court. This opinion applies in every class of cases, except one not necessary now to be considered. And when the law is announced by the Court, it is the law of the case until overruled by a higher authority. It follows, then, that a verdict in direct conflict with the law of the Court is a verdict against the law, and will in all cases be vacated in the first instance, either *sua sponte* by the Judge, or on motion of the aggrieved party. Any other doctrine would lead to the utmost confusion. If the jury could question the charge of the Judge, the result would be that in every case the whole case, both law and facts, would go to the jury, under the hope that, whatever might be the charge of the Judge at the time, he could be satisfied afterwards that he was in error. This could not be tolerated. It would degrade the judiciary and unhinge the whole system. The argument of the respondent, by which he attempts to draw a distinction between a verdict contrary to the charge of the Judge and one contrary to law, though ingenious, fails to meet the case. In fact, that doctrine would open the door to the very evil which a separation of the powers and duties of the Court and jury was intended to prevent. So far as the jury is concerned, there is no such thing as the charge of the Judge being contrary to law, because, whatever may be his charge, it is the law to them."

From the foregoing it appears that a sound discretion is very properly vested in the trial Judge in passing upon a motion for a new trial, and unless it is shown that he has abused such discretion, his judgment will not be impugned by this Court. The burden, therefore, is upon the appellant to show that there has been some abuse of such discretion, or, as in *Epperson* against *Stansill,* 64 S. C., 485, 42 S. E., 426, the new trial was granted for misdirection of the jury, when, in fact, it appeared that the jury were properly in-

structed. The record in this case fails to show any such abuse. While it is true, as contended by appellant, that the fifth ground was sustained under a misapprehension of fact as to what instruction had been given the jury in charge of the presiding Judge, yet we are of opinion that the result should not be changed, for the reason that it would only be supplementary to the main ground, viz: that the verdict was, in the opinion of the trial Judge, against the great weight of testimony, and was contrary to the charge of the Court.

It is, therefore, ordered, that the appeal be dismissed.