6583

LAMPLEY v. ATLANTIC COAST LINE R. R. CO.

1. NONSUIT—APPEAL.—Under the practice before recent rule as to appeal from orders refusing nonsuits, this Court could only grant nonsuit in cases refused below where the nature of plaintiff's demand was such that no lawful recovery could be had. In other cases of error in refusing to grant nonsuits, new trials were ordered. Here the motion was made on the ground that there was no evidence to support the allegations of negligence and remedy is new trial.

2. APPEAL FROM ORDER GRANTING NEW TRIAL will lie only in cases which permit of judgment absolute on appeal. In this case there being many intricate facts involved, the Court does not consider if there were any evidence of negligence, but dismisses appeal.

Before KLUGH, J., Darlington, November Term, 1906. Appeal dismissed.

Action by John C. Lampley against Atlantic Coast Line R. R. Co. From order granting a new trial, defendant appeals.

*Messrs. P. A. Willcox and Woods & Macfarlan* for appellant.

*Mr. Woods* cites: *Neglect to keep up levees was a concurring proximate cause of the damage, and no liability is shown of appellant:* 56 S. C., 91; 58 S. C., 222; 59 S. C., 322. *If there were no evidence to sustain the verdict granting new trial was error:* 54 S. C., 405.

*Messrs. Geo. W. Brown, Stevenson, Matheson and Stevenson,* contra.

*Mr. Brown* cites: *As to jurisdiction of this Court to grant new trials:* 1 S. C., 115, 140; 2 S. C., 388; 11 S. C., 195, 589; 51 S. C., 138. *Preponderance of evidence is not a ground for new trial:* 75 S. C., 293, 523. *Trial Judge need not give reasons for his judgment:* 54 S. C., 593; 36 S. C., 587; 55 S. C., 6; 67 S. C., 35; 74 S. C., 297.

*Messrs. Stevenson & Matheson* cite: *If after making motion for nonsuit defendant introduce evidence to show he is not entitled to it, he cannot make the question on appeal:* 1 Hill, 382; 5 Rich., 545; 44 S. C., 554.

July 10, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. In the year 1899, the plaintiff herein, John C. Lampley, began this action against the defendant railroad company for the loss of his oat crop and certain damage to his property alleged to have been caused by the negligent construction of its railroad. The lands in question are situated in Darlington County in what is known as Roblyns Neck, a horse shoe shaped projection

formed by a curve of the Pee Dee River. At this point the river for some distance swerves from its regular course towards the sea and takes an easterly direction until it strikes Hunts Bluff, on the Marlboro side, and is here turned back in a westerly direction, thus making the toe of the horse shoe opposite Marlboro. This whole neck is lowland and in time of freshets is subject to overflow, the water taking a direct course across the neck instead of flowing around. Years ago in order to prevent overflows levees were built around the neck. In 1875, however, a flood of unprecedented size broke through, and since that time, according to the testimony, farming there has been attended with more or less risk of loss. The railroad enters this neck at the part corresponding to the heel of the horse shoe and passes out at the toe, where it crosses the river to the Marlboro side. It runs through plaintiff's lands and· divides them, leaving a portion of them on the upper side and the other part on the lower side. The road on the Darlington side is to a large extent laid on embankments of earth, there being, according to the evidence, only about ten per cent. trestle work. It is in this that the plaintiff alleges negligence on the part of the defendant. He complains that the road not having sufficient trestle work, in the year 1899, held the water on his land longer than it would have remained otherwise and thus destroyed his oat crop. And also, that by reason of insufficient outlets a head of water was collected and as a result of the pressure his land was scoured and to a large extent rendered valueless. The case has given rise to much litigation. Twice has the jury found a verdict for the plaintiff and as many times' has this Court sent it back for a new trial. 63 S. C., 462., 41 S. E., 517; 71 S. C., 156, 50 S. E., 773. The last hearing was before Judge J. C. Klugh at the November, 1906, term of Court for Darlington County. The result was a verdict for the defendant. On motion of plaintiff's attorneys a new trial was granted on grounds not stated in the order. The defendant appeals from this order and from

21—77

the refusal of the Circuit Judge to grant a nonsuit on the ground that the plaintiff produced absolutely no evidence to support the allegations of negligence in the construction of the railroad.

In considering the refusal to grant the nonsuit the first question which requires our attention is the power of this Court with regard to granting or withholding such remedy. In case a nonsuit should have been granted by the Court below, has this Court power to do what that Court should have done, namely: grant the nonsuit? The question first came up for decision in the case of *Sampson & Wyatt* v. *Singer Mfg. Co.,* 5 S. C., 465, 466, where the Court lays down the following rule: "If the nonsuit was improperly refused, and the nature of the plaintiff's demand was such that no recovery could be lawfully had, this Court will grant the motion, and dismiss the plaintiff's complaint. If, however, it is merely a case of insufficiency of proofs adduced at the trial to support a cause of action in itself of a proper legal nature, this Court will not dismiss the complaint upon appeal, but order a new trial, to afford the plaintiff an opportunity to make better proofs."

Shortly afterwards, in *Willis* v. *Knox,* 5 S. C., 474, 476, the rule was affirmed, the Court using this language: "The plaintiffs should have been nonsuited. The evidence not only does not tend to show malice, but goes far to show that the defendant had probable ground for suspecting the existence of the facts that constituted the substance of the charge on which the search warrant issued. As the ground for nonsuit was insufficiency of evidence adduced to support the issues made by the pleadings, this Court will not dismiss the complaint, but order a new trial." Again, in *Carter* v. *Railway,* 19 S. C., 20, 26, we find this: "We think, that at the close of the plaintiff's case below, there was a total want of testimony as to defendant's negligence, the gist of the action, and, therefore, the nonsuit, should have been granted; and in such case under the ruling of *Sampson etc.* v. *Singer Mfg. Co.,* 5 S. C., 465, and *Willis* v. *Knox,* 5 S.

C., 476, a new trial is proper." In distinguishing between cases in which the Court can grant a nonsuit and those in which it must grant a new trial the Court in the case of *Decamps* v. *Carpin*, 19 S. C., 121, 126, says: "Inasmuch, as the plaintiff not only failed to prove that Jaffeaux owed him anything at the time the contract with defendant was made, but, on the contrary, did prove that he then owed him nothing, the motion for a nonsuit should have been granted. And as it is not a case of want of evidence merely, but one in which the nature of the demand, as set up by the plaintiff, is such that he cannot in any event recover, under the authority of the case of *Sampson & Wyatt* v. *Singer Mfg. Co.*, 5 S. C., 465, the complaint must be dismissed. This case differs from the case of *Carter* v. *Railway*, and *Carrier & Harris* v. *Dorance, ante,* 30, decided at the present term, in this respect: In those cases the motions for nonsuit were based solely upon the want of evidence tending to establish the material allegations in the complaints, while here the nature of the demand, as set up by plaintiff, is such that he could not in any event recover." And finally, this principle was recently affirmed in the case of *Townes* v. *City Council,* 46 S. C., 15. Therefore, unless this is a case in which "the nature of the plaintiff's demand is such that no recovery can be had lawfully," this Court has power only to grant a new trial. The complaint alleges negligent construction of defendant's railroad and injury resulting to the plaintiff therefrom. That plaintiff has a legal right to maintain such an action will not be doubted and a nonsuit will be granted only in the entire absence of testimony going to sustain the allegations of the complaint. The motion was made on the very ground that there was no such testimony. Under the authorities above cited, therefore, this Court must grant a new trial. The Circuit Court, however, having already done this, even if the nonsuit were improperly refused, this Court could only affirm its action. The recent rule of Court on the subject has no application, the suit having been begun prior thereto.

It is also alleged on the ground that there was absolutely no testimony to sustain plaintiff's action, that the Circuit Judge erred in granting a new trial. Section 11, subdivision 2, of the Code of Procedure, as adopted in 1870, provided "that this Court should have power to review upon appeal, an order affecting a substantial right made in an action when such order in effect determines the action, and prevents a judgment from which an appeal might be taken, or discontinues the action, and when such order grants or refuses a new trial; but no appeal to the Supreme Court from an order granting a new trial, on a case made or bill of exceptions, shall be effectual for any purpose, unless the notice of appeal contain an assent on the part of the appellant, that if the order be affirmed, judgment absolute shall be rendered against the appellant. Upon every appeal from an order granting a new trial, on a case made or exceptions taken, if the Supreme Court shall determine that no error was committed in granting the new trial, they shall render judgment absolute upon the right of the appellant; and after the proceedings are remitted to the Court from which the appeal was taken, an assessment of damages or other proceedings, to render the judgment effectual, may be then and there had, in cases where such subsequent proceedings are requisite." Sometime afterwards this section was amended by striking out the words, "but no appeal to the Supreme Court from an order granting a new trial, on a case made or bill of exceptions shall be effectual for any purpose, unless the notice of appeal contain an assent on the part of the appellant, that if the order be affirmed, judgment absolute shall be rendered against the appellant." The section, so far as it relates to orders granting new trials, now reads: "Upon every appeal from an order granting a new trial, on case made or exceptions taken, if the Supreme Court shall determine that no error was committed in granting the new trial, it shall render judgment absolute upon the right of the appellant." The question then is, what power has this Court under this legislation? By the Con-

stitution it is created a Court having appellate jurisdiction only in chancery cases and only in such cases having power to review the findings of fact as well as of law. Even in chancery cases where facts are settled by a jury and the verdict is not set aside it has no power to review the facts. Likewise in law cases. It must look only for errors of law, errors of fact being beyond its jurisdiction. There are many cases in this State holding that in law cases the Supreme Court has no jurisdiction as to matters of fact. Construing the question under consideration in the light of the powers of the Court it would seem that only those orders granting new trials are appealable in cases in which, if the Court determine that there was no error of law committed, it may then go further and render judgment absolute upon the right of the plaintiff. The provision of the Code is mandatory. It does not give this Court discretionary power and allow it to render final judgment if it see fit, but it requires that it shall render such judgment. An impossibility cannot be required of the Court, nor can an act of the Legislature supersede the Constitution and give the Court power to decide questions of fact as well as of law. When a duty is required of any officer or tribunal such officer or tribunal must be vested with power to perform that duty. In the present case we are met with the anomolous fact of the Legislature imposing a duty and the Constitution denying the power to perform it, if we attempt to apply the act to all cases. The Constitution, however, being of superior force to a legislative act, so far as the power conferred is repugnant to the Constitution, it is of no effect. Also a cardinal rule of construction is that when an act can be so construed as not to be repugnant to the Constitution, it must receive that construction. Applying this rule to the act now under consideration if we hold that it was intended to apply only to those cases in which the Court has power to render final judgment, that is, cases involving questions of law only, then all difficulty disappears and the Court can easily perform the duty imposed upon it. A practical as well as

a legal point of view leads to the conclusion that such was the intention of the Legislature. Orders granting new trials are often rendered in cases involving intricate questions of fact which must necessarily be submitted to a jury for decision. Not infrequently the jury is called upon to visit the scene of the act giving rise to the cause of action and to view personally the surroundings. It can readily be seen that it would be highly impracticable for this Court to perform such a duty. Apart from the time lost and the expense, it would have a tendency to detract from the dignity and respect of the highest tribunal of the commonwealth.

The case of *Caston* v. *Brock,* 14 S. C., 104, 111, the only case in which this question seems to have been discussed, supports the view that this clause of subdivision 2 was intended to apply only to cases involving questions of law, those in which final judgment could be had. This case was decided before the amendment above referred to was made and in giving the purpose of the section stricken out the Court said: "The clear object of demanding the assent of the appellant to a judgment absolute is to discourage appeals from orders granting new trials, except where the controversy is of such a nature that it may be finally disposed of upon the argument of pure questions of law in the appellate court. Every appealable order granting a new trial must involve the fact that a ruling or decision made by the Circuit Court has been reversed by the same Court, and, in fact, by the same Judge who gave such ruling or decision, according to the general provisions of section 289, which requires that the hearing of such motion shall be at the same term, except when the Judge trying the cause shall otherwise order. It is unlikely that a Judge would overrule his previous determination except upon the strongest reasons and after careful consideration. While the probabilities are strongly in favor of the last and deliberate conclusion reached, the inconveniences arising from appeals from orders granting new trials are, as a general rule, very great. The party allowed to appeal without restrictions from such

orders has two chances; he may contend for his verdict, that has been set aside, in the appellate court, and on being dismissed from that Court without relief, may return to the Circuit Court and have a trial *de novo* of the whole case. The decision of the appellate Court may possibly settle nothing of importance to the case, as, on a second trial, the subject and ground of exception may be entirely eliminated from the case. When, however, the whole question is one of law, capable of being finally disposed of by the appellate court, no such inconvenience arises. The policy of the provision is to leave the responsibility with appellant in such cases of deciding for himself whether the case should be treated as one capable of being finally disposed of by the appellate court in the event of the failure of his appeal. If that is his judgment he expresses it by a corresponding assent in his appeal; if, on the other hand, he perceives that his case cannot properly be disposed of on such appeal, then his course is to submit to the order granting a new trial, with no ultimate loss, usually, beyond that of some technical advantage gained at the first trial from an unwary adversary, who will be better instructed on the second trial." In this case the appeal was dismissed because the assent of the appellant that in case it was found no error was committed judgment absolute should be rendered against him was not obtained.

According to the conclusion reached, the assent of the appellant waived all questions of fact and left the Court to decide only questions of law, hence giving it full jurisdiction. Now that the act no longer requires assent of the appellant, can it be held that in all cases judgment absolute must be rendered? We have endeavored to show above that such was not and could not be the intention. The power of granting new trials is discretionary with the trial Judge and his decision usually final. In some jurisdictions it has been held that it is not competent to review an order granting a new trial on the ground that such order is not final and that it does not affect a substantial right. There

is, however, more or less inconvenience, as was said above, connected with such an order and for the purpose of alleviating this condition as much as possible our Legislature gave the person aggrieved a right to appeal in cases in which this Court could render final judgment. Where, however, final judgment cannot be rendered this right to appeal is denied on grounds of public policy and justice. As was said in the language of the Court quoted above, otherwise the appellant would have two chances at his case and would have undue advantage of his opponent. Therefore, an appeal from an order granting a new trial can be taken only in cases which permit of judgment absolute.

In the case now under consideration many and intricate facts are involved. Accordingly it is not necessary for this Court to decide whether there was any evidence of negligence produced. The order granting the new trial is not appealable.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.