### 7282

### DIXON v. SEABOARD AIR LINE RY.

APPEAL—NEW TRIAL.—Order setting aside a verdict and granting new trial because of error in admission of evidence is not appealable.

Before GAGE, J., Richland, January, 1909.   Affirmed.

Action by Joseph Dixon against Seaboard Air Line Railway. The Circuit order setting aside the verdict is:

"The plaintiff is a young negro, and has lost one arm in the service of the defendant company. That was in July, 1903.

"The complaint alleges: That in the next month the parties made a contract whereby plaintiff agreed to release the defendant from all liability for said injury, and whereby defendant agreed to pay to plaintiff $50, and give plaintiff employment the rest of his days; that the release was made

and the $50 was paid, but that the employment was ever afterwards refused. The action is for breach of this contract.

"The answer alleges: That it was understood that the injury to plaintiff was due to his own negligence, and that the $50 paid to him was the sole consideration for the release executed by him to the defendant.

"The plaintiff undertook, against objection, to prove a parole contract with reference to employment alleged to have been made when the release was signed.

"The defendant's objection was two-fold: First, that the transaction between the parties had been committed to writing in the release, and the terms of it could not be changed by word of mouth; second, that the parole contract offered to be proven was such an one, by the statute of frauds, as must needs be in writing.

"Upon these issues of law I had doubts. I proceeded to hear the testimony, and in the event of a verdict against the defendant, I reserved the right to review the issues on a motion for a new trial.

"The plaintiff had a verdict for $400, and the defendant now moves for a new trial, upon the ground stated, and some other grounds noted in the motion.

"The release is constituted of a printed form, with some written matter therein.

"The consideration of the release is expressed to be $50 paid by defendant to plaintiff; and the object of the payment is expressed to 'forever discharge the (defendant) * * * from all claims * * * for * * * the injuries received by (Dixon), while uncoupling cars, getting arm mashed, causing amputation of same * * * while a brakeman,' and the paper concludes, 'the consideration *hereinbefore referred to* being in full compromise, satisfaction and discharge of all claims,' etc. The italics are mine.

"Had the language of the instrument been 'the consideration hereinbefore referred to being the sole consideration

for the execution of the release,' the plaintiff's parole testimony would be a plain variance of its terms. But the language which was used in the instrument is quite as broad as that which I have suggested, though perhaps not quite so accurate.

"The two parties to the contract appointed the release as the memorial of the transaction; and it declares that the payment of $50 was in full compromise, etc., of all claims.

"That ends the controversy; for there is no suggestion, by plea or by testimony, that the defendant deceived and seduced Dixon into signing the release. *Lumber Co.* v. *Evans,* 69 S. C., 100.

"If there was another consideration, to wit: employment for Dixon during his life, then the release does not speak the truth; and that can not be shown.

"I am, therefore, of the opinion that it was error to admit Dixon's testimony tending to prove another consideration than the receipt of $50.

"The other issue it is hardly worth while to consider, but it has been made, and I shall decide it.

"The defendant was bound to plead the statute of frauds if reliance was had upon it. That was laid down tentatively in *Suber* v. *Richards,* 61 S. C., 393, but the rule is stated positively in the late case of *Coward* v. *Boyd,* 79 S. C., 138.

"The answer did not plead the statute, and the statute may, therefore, not be considered; it is out of the case.

"The judgment of the Court, therefore, is, that the verdict be set aside, upon the first ground hereinbefore considered, and a new trial be ordered."

From this order, plaintiff apepals.

*Messrs. W. Boyd Evans* and *L. W. Melton,* for appellant, cite: *Unfulfilled promise is ground for breach of contract action:* 6 Thomp. on Neg., sec. 7375; 12 At., 78; 30 Am.

R. Cas., 606; 109 Ill., 120; 10 Am. & Eng. R. Cas., 224; 100 N. Y., 170; 58 S. C., 488; 35 S. E., 88. *Parol evidence may be given of contract not all reduced to writing:* 16 S. C., 352; 1 Mass., 297; 8 Rich., 35; 13 S. C., 332; 126 Wis., 253. *Additional consideration to that expressed in writing may be shown:* 72 S. C., 410; 1 McC., 514; 2 Hill, 404; 32 S. C., 160; Harp., 393; 2 Dev. on Deeds, 823; 79 S. C., 454.

*Messrs. Lyles & Lyles* and *Edward L. Craig,* contra. *Mr. Craig* cites: *All previous agreements were merged into the writing:* 21 Ency., 1078; 69 S. C., 93; 79 S. C., 134; 15 S. E. R., 198. *And any further agreement can not be shown by parol:* 61 S. C., 393; 79 S. C., 138; 34 N. E. R., 913; 30 Abb. N. Cas., 443; 60 S. C., 375; 29 Mo. App., 209; 83 Mo., 60.

August 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for breach of contract.

The jury rendered a verdict in favor of the plaintiff for four hundred dollars.

The defendant made a motion for a new trial, which was granted, whereupon the plaintiff appealed.

The order is not appealable. *Lampley* v. *Ry.,* 77 S. C., 319, 57 S. E., 1104; *Pace* v. *Ry., infra* 33, 64 S. E. R., 915.

The appeal is dismissed, but without prejudice to the rights of the parties to the action.