8307

DAUGHTY v. NORTHWESTERN RAILROAD CO.

1. CARRIER—FREIGHT—PRINCIPAL AND AGENT.—UNDER 24 STAT. 1, making initial, connecting and delivering carriers agents of each other, the terminal carrier is liable for the loss of a part of a shipment whether it ever received the whole or not from its connecting carrier.

2. APPEAL—NEW TRIAL.—This Court will consider an appeal from an order granting a new trial where the order is based on an error of law, and where judgment absolute may be rendered in this Court. *Cases considered.*

*Dixon* v. *Ry.,* 83 S. C. 393, *overruled.*

MR. JUSTICE WATTS, MR. CHIEF JUSTICE GARY *concurring, thinks this appeal should not have been considered.*

3. STARE DECISIS does not apply where there is a conflict of decisions. *Obiter dictum.*

Before RICE, J., Clarendon, February, 1912.    Reversed.

Action by Ferdinand Daughty against Northwestern Railroad Co.    Plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, cites: *Reception by defendant of part of shipment raises presumption of receipt of whole:* 76 S. C. 308; 77 S. C. 317.    *Connecting carriers*

*are agents of each other:* 78 S. C. 42; 24 Stat. 1; 89 S. C. 415. *Appeal lies from order granting new trial:* 35 S. C. 569; 77 S. C. 320.

*Messrs. Purdy & O'Bryan* and *John Wilson,* contra. *Messrs. Purdy & O'Bryan* cite: *This appeal will not be considered by this Court:* 35 S. C. 569; 83 S. C. 33.

September 2, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On April 30, 1911, the Atlantic Coast Line Railroad Company issued its bill of lading to S. Hirschman & Son at Charleston, S. C., covering eight sacks of corn consigned to plaintiff at Summerton, S. C. The defendant delivered only seven sacks, and plaintiff filed his claim with defendant's agent at Summerton for $1.70, the value of the undelivered sack. The claim was not paid within thirty days, and plaintiff sued in magistrate's court and recovered judgment for $1.70, the value of the missing sack, and for the penalty of $50 imposed by the act of 1910 (26 Stat. 719) for the failure to pay the claim within thirty days. On defendant's motion, the magistrate granted a new trial, and, in his report to the Circuit Court, on appeal from his order, stated, as his reason therefor, that he was "impressed with the assurance that the defendant could show that the goods referred to as lost never came into its possession." The Circuit Court upheld the magistrate's order granting a new trial, and plaintiff appeals to this Court.

The statute approved May 13, 1903 (24 Stat. 1), makes initial, connecting and delivering carriers the agents of each other. Therefore, proof that the defendant never received the undelivered sack could not affect its liability to plaintiff (*Venning* v. *R. Co.,* 78 S. C. 42, 48, 58 S. E. 983; *Smith* v. *Ry.,* 89 S. C. 415), and, notwithstanding it should show, on a new trial, "that the

goods referred to as lost never came in its possession," the Court would, nevertheless, be compelled to give judgment against it, because, under the statute, the Atlantic Coast Line Railroad Company, in issuing the bill of lading, was the agent of defendant, and, in an action by the consignee against defendant for loss of the goods, defendant is concluded by the bill of lading issued by its agent. *Salley* v. *S. A. L.,* 76 S. C. 173, 56 S. E. 782; *Thomas* v. *R. R. Co.,* 85 S. C. 537, 64 S. E. 220.

It is clear, therefore, that, under the statute law of the State, and the undisputed facts of this case, there can be but one result, and that a judgment for the plaintiff. It necessarily follows that the magistrate committed error of law, when he set aside the only judgment which can be rendered, within the law, and granted a new trial, and it is equally clear that the Circuit Court erred in sustaining that order.

It is contended, however, that under the statute and decisions of this Court, the order is not appealable. Section 11 (D) of the Code of Procedure provides: "The Supreme Court shall have appellate jurisdiction for correction of errors of law, in law cases, and *shall* review upon appeal * * *. 2. An order affecting a substantial right made in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinue the action, *and when such order grants or refuses a new trial * * *.* Upon any appeal from an order granting a new trial on a case made, or on exceptions taken, if the Supreme Court shall determine that no error was committed in granting a new trial, it shall render judgment absolute upon the right of the appellant; and after the proceedings are remitted to the Court from which the appeal was taken, an assessment of damages, or other proceedings to render the judgment effectual, may be then and there had in cases where such subsequent proceedings are requisite."

The language of the Code above quoted makes it perfectly clear that this Court must entertain appeals from orders which grant new trials, when they are based upon errors of law. The terms of the statute are mandatory— *"shall review."* It will be observed, however, that the jurisdiction to review such orders is confined to the correction of errors of law, in conformity to the limitation of the power of the Court by the Constitution (section 4, article V), which confers jurisdiction "for the correction of errors at law, under such regulations as the General Assembly may by law prescribe." The Court cannot, therefore, refuse to consider an appeal from an order granting a new trial, when it is based on error of law, without putting itself in the position of ignoring or violating a constitutional statute, which, in plain and unmistakable terms, makes an order granting a new trial appealable. As above stated, the statute does not undertake to make an order granting a new trial appealable, when it is based upon questions of fact; and the Court has correctly and consistently held, in cases too numerous to mention, that it has no power to review such orders. On the contrary, it has held, in a number of cases, that it can review orders granting new trials, when based upon error of law.

*Byrd* v. *Smalls,* 2 S. C. 388, was the first case in which the provisions of the Constitution and statute above quoted were considered. In that case, it was distinctly held that the power of the Circuit Court to grant or refuse new trials "is subject to the correction of this Court, when his order granting or refusing a new trial involves a question of law."

In *Massey* v. *Adams,* 3 S. C. 263, the appeal was from an order granting a new trial in an action of trespass to try title. The Court entertained the appeal, and said: "The only question proper for our consideration is whether there was error of law in the order granting a new trial. If it was founded, either wholly or in part, on a conclusion from

the facts contrary to that of the jury, then, according to the well established principles governing the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere." Finding that questions of fact were involved, the order appealed from was sustained, and judgment absolute was given against appellant.

In *Caston* v. *Brock,* 14 S. C. 104, the appeal was from an order granting a new trial, but it was dismissed, because the appellant did not, in the notice of appeal, give his consent, as then required by the statute, that, if the order should be affirmed, judgment absolute should be rendered against him. The provision requiring such consent, as a condition of the appeal, was afterwards striken from the statute by amendment. But the opinion distinctly recognizes the right to appeal from orders granting new trials where only questions of law are involved. The Court said: "The clear object of demanding the assent of the appellant to a judgment absolute is to discourage appeals from orders granting new trials, *except where the controversy is of such a nature that it may be finally disposed of upon the argument of pure questions of law in the appellate court.* * * * The party allowed to appeal without restrictions from such orders has two chances, he may contend for his verdict, that has been set aside, in the appellate court, and, on being dismissed from that Court without relief, may return to the Circuit and have a trial, *de novo,* of the whole case. The decision of the appellate court may possibly settle nothing of importance to the case, as, on a second trial, the subject and ground of exception may be entirely eliminated from the case. *When, however, the whole question is one of law, capable of being finally disposed of by the appellate court no such inconvenience arises."* (Italics added.)

In *Ex parte Williams in re Campbell* v. *Charleston,* 7 S. C. 71, the Court entertained an appeal from an order setting aside verdicts and granting new trials in certain

cases, and reversed the order, because it was granted without notice to the plaintiffs in those cases.

*Marshall* v. *Ry.,* 57 S. C. 138, 35 S. E. 497, is a case directly in point. That was an appeal from an order setting aside the verdict of a jury and granting a new trial. The order was based on an erroneous construction of the pleadings, or for lack of evidence on a point not in issue— questions of law. The Court, by Mr. Justice Jones, said, at page 138: "The appeal is from the order granting a new trial. The well-settled rule is that this Court cannot review an order granting or refusing a new trial, *except* for error of law, as the Court is without jurisdiction to review the judgment of the Circuit Court on questions of fact." Again, on page 141: "Inasmuch, then, as the Circuit Court based the granting of the new trial upon an erroneous construction of defendant's pleading, there was error of law. If the Court had granted the new trial on his view of the evidence, and had concluded therefrom that the plaintiff had sustained the charge of negligence in the complaint, and that defendant had failed to sustain the defense of contributory negligence, we could not interfere, upon the rule stated at the beginning of this opinion. But this is not the case." The order was reversed and the case was remanded for judgment on the verdict.

*Epperson* v. *Stansill,* 64 S. C. 485, 42 S. E. 426, is another case directly in point. In that case, the Circuit Court granted a new trial on the ground that the jury had been erroneously instructed. On appeal, the order granting the new trial was reversed, because it was based on error of law, this Court holding that the instruction given was correct. The authority of *Epperson* v. *Stansill* was recognized in the later case of *Oil Co.* v. *Ice Co.,* 68 S. C. 52, 46 S. E. 720.

In *Lampley* v. *R. Co.,* 77 S. C. 319, 57 S. E. 1104, it was held that the order granting a new trial was not appealable, because the facts were involved, and the Court could

not, therefore, give judgment absolute upon the right of the appellant, if it should determine that no error was committed in granting the new trial. But the Court distinctly held that such orders, based on error of law, were appealable in the following language, at page 325: "Applying this rule (that is, the rule that the act must be construed so that it will not conflict with the Constitution) to the act now under consideration (section 11 (D), subdivision 2, above quoted), if we hold that it was intended to apply only to those cases in which, the Court has power to render final judgment, that is, *cases involving questions of law only,* then all difficulty disappears and the Court can easily perform the duty imposed upon it. A practical, as well as a legal, point of view, leads to the conclusion that such was the intention of the legislature." The same principle was recognized in *Kennedy* v. *Greenville,* 78 S. C. 128, 58 S. E. 89.

As the granting of new trials is discretionary, unless it appears that the exercise of the discretion was controlled or influenced by error of law, this Court held, in *Pace* v. *R. Co.,* 83 S. C. 33, 64 S. E. 915, that an order of the Circuit Court reversing the judgment of a magistrate's court and granting a new trial, "on the ground that there was no testimony that the goods alleged to have been damaged were injured while in the possession of the defendant" was not appealable. While the Circuit Court might have rendered judgment against the plaintiff for lack of proof, it exercised the discretion, wisely vested in the Court, to order a new trial, perhaps, in order that the plaintiff might have another opportunity to adduce the necessary evidence.

In *Deschamps* v. *R. Co.,* 83 S. C. 192, 65 S. E. 196, an order of the Circuit Court, affirming an order of the magistrate, granting a new trial, for after discovered evidence was held not appealable. The granting of new trials for after discovered evidence usually involves issues of fact, whether the evidence was newly discovered and whether

due diligence was exercised to procure it, and it also rests, in the discretion of the trial Court, and the exercise of that discretion will not be reviewed, unless it was abused, or controlled by error of law. *State* v. *Bradford,* 87 S. C. 549, 70 S. E. 308.

The case of *Dixon* v. *Ry.,* 83 S. C. 393, 65 S. E. 351, is the only case which I have found in our reports which holds that an order granting a new trial upon a purely legal question is not appealable. As that case is in direct conflict with the statute and the numerous decisions of the Court which have been cited above, and those which are cited below, it should be overruled. The doctrine of *stare decisis* should not stand in the way. That doctrine has no application where there is a conflict in the decisions of the Court. In that event, the Court is at liberty to adopt those decisions which are sound in principle and in accord with right and justice and the statute law, and overrule those which are contrary thereto. In the Dixon case, the order of the Circuit Court granting a new trial was so clearly right that it would have been affirmed, on the reasoning of the Circuit Judge, which is set out in the report of the case, if the merits had been considered, and that fact, no doubt, influenced the members of this Court to concur in the opinion, dismissing the appeal, without giving much consideration to the ground upon which it was dismissed. The opinion merely states that "the order is not appealable," without assigning any reason for that conclusion, and cites the Lampley and Pace cases, in both of which, as we have seen, the orders involved questions of fact, and, besides, they were orders grantable at the discretion of the trial Court.

In *Simmons* v. *Mason,* 88 S. C. 350, 70 S. E. 898, this Court refused to entertain an appeal from an order of the Circuit Court affirming the order of a magistrate granting a new trial. From a consideration of the opinion of this Court, it might be inferred that the motion was made and granted

on the ground of newly discovered evidence. But an examination of the record shows that such is not the case. The motion was based on affidavits, but nowhere in the record, either in the notice of the motion, the affidavits, the order of the magistrate granting the new trial, or the order of the Circuit Court affirming it, is there any intimation or suggestion that the matter set forth in the affidavits was not known to the defendants at the trial. In fact, it was on the affidavits of the defendants themselves, as to matters within their personal knowledge, that the motion was based, and they were both at the trial, but one of the defendants did not testify at the trial. It must have been, therefore, that the magistrate considered the affidavits merely as influencing or determining the exercise of his discretion, and, as it was a matter in his discretion, and also involving questions of fact as to the merits of the case, and as it was affirmed by the Circuit Court, of course, the order granting a new trial was not reviewable here. But the first intimation to be found in the record about after discovered evidence is in the appellant's exceptions to this Court. The case was, therefore, correctly decided, although the Court does say, in broad terms, that it has been held "that an order of the Circuit Court granting a new trial is not appealable;" and, "the rule has been applied even when the new trial was granted on the construction of a written instrument—a purely legal question," citing *Dixon* v. *Ry.* But the following cases, decided after the Dixon case, clearly recognize the right of appeal from orders granting new trials in cases where this Court can give judgment absolute. *Jones* v. *Woodside Mills,* 83 S. C. 565, 65 S. E. 819; *Barker* v. *Thomas,* 85 S. C. 83, 67 S. E. 7; *McKnight* v. *Dyson,* 91 S. C. 37; *Reynolds* v. *Deaton,* 91 S. C. 454. Even the opinion of Mr. Justice Watts in this case recognizes the right of appeal in such cases, for he says: "An appeal from an order granting a new trial will *not* be entertained except in a case in which judgment absolute might be rendered by

this Court." *And this is such a case.* When the law and the evidence in a case admit of but one judgment, the Court must pronounce that judgment.

The statute evidently intended to give the right of appeal from some orders granting new trials, for it says so in plain and unmistakable language. But the legislature, having in mind the unnecessary delay and inconvenience that would result from allowing an appeal in every case where a new trial is granted, and in order to discourage appeals from orders in which there was no error, and to penalize, as it were, such appeals, provided that, on appeal from an order granting a new trial, if this Court should determine that *no error* was committed, it should give judgment absolute.

But what of the case where *error* is committed? Can it be supposed that the legislature was guilty of the absurdity of allowing an appeal from an order where no error is committed and denying it where error is committed? The statute is plain, and it meant that when this Court should determine that no error was committed, the appellant should have judgment absolute given upon his right by this Court; but if it should determine that error was committed in granting the new trial, it would correct the error by restoring the verdict or judgment set aside, as was done in *Marshall* v. *Ry.,* and *Epperson* v. *Stansill.*

It appearing that the new trial was granted, not on account of any dissatisfaction with the evidence, or on account of anything that could change the result, but solely through a misconception of the law applicable to the case, and it also appearing, from the facts proved and admitted, that judgment must eventually go against the defendant, the order appealed from is reversed and the case remanded with instructions to the Circuit Court to reverse the order of the magistrate granting a new trial.

Messrs. Justices Woods *and* Fraser *concur.*

MR. JUSTICE WATTS, *dissenting.* This is an appeal from
an order of Hon. H. F. Rice, Circuit Judge, dismissing an
appeal from magistrate court granting a new trial. The
appeal should not be considered by this Court because an
appeal from an order granting a new trial will not be enter-
tained except in a case in which judgment absolute might be
rendered by this Court.

*McKnight* v. *Dyson,* 91 S. C. 337; *Reynolds* v. *Deaton,*
91 S. C. 454.

For these reasons I dissent.

MR. CHIEF JUSTICE GARY *concurs.*