11379

INGRAM v. HINES, DIR. GEN.

(120 S. E., 493)

1. APPEAL AND ERROR—ORDER GRANTING NEW TRIAL, BASED ON CONSIDERATION OF EVIDENCE, NOT APPEALABLE.—A Circuit Judge's order granting a new trial, based on a consideration of the evidence and a conclusion therefrom inconsistent with the verdict, is not appealable.

2. APPEAL AND ERROR—ONLY ORDER GRANTING NEW TRIAL BASED ON MATTER OF LAW, DECISION OF WHICH IS CONCLUSIVE, APPEALABLE.— If an order granting a new trial is based on a matter of law, the decision of which is conclusive, not simply on the appeal, but on the merits of the controversy, leaving no issue of fact on which the rights of the parties depend, the order is appealable; otherwise, not.

3. APPEAL AND ERROR—NO REVIEW OF ORDER GRANTING NEW TRIAL BASED ON THEORY THAT VERDICT WAS WITHOUT ADEQUATE EVIDENTIAL BASIS.—A Circuit Court's order granting a new trial on the theory that the jury's finding was without adequate evidential basis to support it, was based on a matter of fact, and not a matter of law, and hence is not appealable.

Before MAULDIN, J., Chesterfield, April, 1922. Appeal dismissed and case remanded.

Action by S. F. Ingram against Walker D. Hines, Director General. From an order granting a new trial, after a verdict had been rendered for plaintiff, plaintiff appeals.

The order of Circuit Judge T. J. Mauldin, referred to in the opinion of Justice Cothran, was as follows:

This case was tried at Chesterfield at the Spring, 1922, term of the Common Pleas Court, resulting in the following verdict of the jury: "We find for the plaintiff against Walker D. Hines, Director General, seven hundred fifty and 95/100 dollars." The case is now before me on a motion for a new trial, the motion having been heard and marked "heard" during the session of the Chesterfield Court, and decision thereon reserved.

The determination of this motion depends upon the question as to whether the evidence discloses any actionable negligence that can be imputed to the defendant, the Director General. The defendant was not an insurer of the animals alleged to have been transmitted, and the jury were so charged. By this verdict the jury say that the Director General was negligent in that he "failed to properly care for and feed said mules in transportation of same."

The plaintiff's testimony was to the effect that the animals in question were in good condition so far as he knew when loaded in Georgia for transportation; that they were taken from the train at Hamlet, where they died. There is no evidence that any stipulation of the contract of shipment as to the time to be occupied in transit or as to the feeding of the mules was violated. In fact, it seems from the evidence that the contract of shipment in these respects was shown to have been fully complied with. On the contrary, the evidence offered in behalf of the defense was to the effect that a veterinarian was called in, and that the animals in question died from some fever peculiar to horses and mules, which disease was not attributable to any failure to "properly care for and feed said mules in transportation of same," but that the disease of which they died in its usual

course runs for some time and is indicated by certain symptoms readily distinguishable.

All the testimony offered in behalf of the plaintiff, as to this phase of the matter, was that the mules were in good condition when loaded, so far as the plaintiff knew, and substantially that the plaintiff was not a horse doctor and did not know whether the animals were diseased when loaded. A careful review of his case makes me conclude that to hold that there was actionable negligence chargeable to the defendant as the direct and proximate cause of the death of these animals would necessarily involve the holding that the carrier was the insurer of the animals, and for this there is no warrant of law.

It is therefore ordered that a new trial be, and the same is hereby, granted.

*Messrs. G. K. Laney* and *R. E. Hanna* for appellant.

*Mr. C. L. Prince,* for respondent, cites: *Order granting a new trial not appealable:* 36 S. C., 585; 78 S. C., 457; 91 S. C., 181; 68 S. C., 46; 88 S. C., 350; 83 S. C., 393; 83 S. C., 33; 78 S. C., 128; 77 S. C., 319; 14 S. C., 104; 3 S. C., 263; 2 S. C., 388; 92 S. C., 361; 93 S. C., 574. *Rule where live stock arrive at destination sick:* 120 N. E., 209; 149 Ky., 229; 21 Tex. Civ. App., 729; 49 S. W., 185; 159 Wis., 609; 149 Io., 240; 144 Mo. Ap., 508.

December 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $740.95 damages, on account of the loss of three mules shipped over the Seaboard Air Line Railway, from Atlanta, Ga., to Pageland, S. C., on January 22, 1920. Upon trial the plaintiff had a verdict for the full amount claimed, but upon motion of defendant the Circuit Judge ordered a new trial, and from this order the plaintiff has appealed.

The evidence tends to establish the following facts:

The plaintiff purchased in Atlanta 19 mules and 2 horses on January 22, 1920, which he prepared to ship to Pageland, S. C., in Chesterfield County, over the Seaboard Air Line Railway. It may be a typographical error that the stock was loaded on January 22d, and did not leave Atlanta until January 28th; but, however that may be, the record so shows, and upon this appeal it will be so taken.

The movement of the stock was as follows: Loaded in Atlanta January 22d; left Atlanta January 28th; arrived in Abbeville January 29th, 6 p. m.; unloaded, fed, and watered at Abbeville January 29th, 6 p. m.; reloaded at Abbeville January 30th, 2 a. m.; left Abbeville January 30th, ——— a. m.; arrived at Hamlet January 31st, 10:30 a. m.; unloaded, fed, and watered at Hamlet January 31st, 11 a. m.; reloaded at Hamlet February 1st, at 7 p. m.; arrived at Pageland February 4th.

Three of the mules were sick when unloaded at Hamlet, and died there, before the remainder of the carload was reloaded for the final destination. The plaintiff testified that he and a veterinarian inspected the stock closely before they were loaded in Atlanta and that they were in perfect condition. The agent of the carrier at Abbeville testified that, while they were unloaded there to be fed and watered, there were no exceptions noted as to the condition of the animals. The veternarian produced by the defendant testified that the mules died from influenza, which might have been caused by exposure.

At the close of all of the testimony the defendant moved for a directed verdict, upon the ground that there was no evidence in the case of any act of negligence on the part of the carrier, causing the death of the mules. The Circuit Judge refused the motion, saying:

"I rather think there is some issuable fact for the jury to settle, and I will let them determine it."

His order granting a new trial was based upon a consideration of the evidence, and a conclusion therefrom inconsistent with the verdict. This is shown by his refusal to direct a verdict, and from the terms of his order, which will be reported. It is clear from the authorities that under these circumstances his order is not appealable. See the case of *Daughty v. Northwestern R. Co.,* 92 S. C., 361; 75 S. E., 553, which contains an exhaustive review of the cases upon the subject, and particularly the cases of *Massey v. Adams,* 3 S. C., 263. *Marshall v. C. & S. R. Co.,* 57 S. C., 138; 35 S. E., 497, and *Pace v. A. C. L. R. Co.,* 83 S. C., 33; 64 S. E., 915. In the Massey Case the Court said:

"If it [the order for a new trial] was founded, either wholly or in part, *on a conclusion from the facts contrary to that of the jury,* * * * we cannot interfere."

In the Marshall Case:

"If the Court had granted the new trial on his view of the evidence, and had concluded therefrom that plaintiff had sustained the charge of negligence, * * * we could not interfere."

In the Pace Case, it was held that, where the new trial was granted "on the ground that there was no testimony that the goods alleged to have been damaged were injured while in the possession of the defendant," the order was not appealable. But, assuming that the order was granted upon the ground that there was no evidence at all tending to fix liability upon the carrier, and that such ruling presented an issue of law, it by no means follows that the order was appealable. The Court has held in numerous cases, many of which are cited in the respondent's argument, particularly *Daughty v. Northwestern R. Co.,* 92 S. C., 361; 75 S. E., 553, that in order to render it appealable, two essential elements must appear in an order granting a new trial: (1) The order must have been based upon a matter of law; and (2) the matter of law must have been so controlling in its influence as to be decisive of the case, and

justify as a matter of law, judgment absolute by this Court against the appellant in the event of its affirmance.

Take this very case as an illustration: The plaintiff recovered a judgment for $740.95 against the defendant. Assume that the Circuit Judge granted a new trial upon the ground that there was no evidence tending to show negligence on the part of the railroad company, and that that presented a matter of law. Under the sweeping provisions of Section 11 (Code Civ. Proc., 1902), "if the Supreme Court shall determine that no error was committed in granting the new trial, it shall render judgment absolute upon the right of the appellant," the plaintiff would lose his entire claim, not upon the merits of the case, controlled by an overmastering principle of law, but upon a defect of proof, which may be supplied upon another trial. Or suppose a case where the presiding Judge, during the course of a tedious trial, has committed an error in the admission of evidence, in his charge, or in the conduct of the case, not at all affecting the merits of the case, or in a matter of law not at all decisive of the controversy, and upon appeal from his order granting a new trial this Court should hold no really prejudicial error, it would seem hard that the plaintiff should go out of Court with his claim absolutely concluded. His claim is at law, depending upon an issue of fact, which he has the constitutional right to have tried by a jury, and not disposed of by this Court, which has jurisdiction solely over issues of law.

That the section of the Code has its limitations is clearly shown by the case of *Lampley v. Atlantic C. L. R. Co.,* 77 S. C., 319; 57 S. E., 1104, in an exceedingly clear opinion by the late Chief Justice Pope, in which he says:

"Construing the question under consideration in the light of the powers of the Court, it would seem that only those orders granting new trials are appealable in cases in which, if the Court determine that there was no error of law committed, it may then go further and render judgment absolute upon the right of the plaintiff. The provision of

the Code is mandatory. It does not give this Court discretionary power, and allow it to render final judgment, if it sees fit; but it requires that it shall render such judgment. An impossibility cannot be required of the Court, nor can an Act of the Legislature supersede the Constitution and give the Court power to decide questions of fact as well as of law. When a duty is required of any officer or tribunal such officer or tribunal must be vested with power to perform that duty. In the present case we are met with the anomalous fact of the Legislature imposing a duty and the Constitution denying the power to perform it, if we attempt to apply the Act to all cases. The Constitution, however, being of superior force to a legislative act, so far as the power conferred is repugnant to the Constitution, it is of no effect. Also a cardinal rule of construction is that, when an Act can be so construed as not to be repugnant to the Constitution, it must receive that construction. Applying this rule to the Act now under consideration, if we hold that it was intended to apply only to those cases in which the Court has power to render final judgment, that is, cases involving questions of law only, then all difficulty disappears and the Court can easily perform the duty imposed upon it."

If the order granting a new trial is based upon a matter of law, the decision of which is conclusive, not simply *upon the appeal* but *upon the merits of the controversy,* leaving no issue of fact upon which the rights of the parties depend, the drastic provisions of the section apply; otherwise, not. This being a case, therefore, in which it would be impossible for this Court to render judgment absolute against the plaintiff, in the event of its affirmance of Judge Mauldin's order, it follows inevitably that the order is not appealable.

The judgment of this Court is that the appeal be dismissed, and that the case be remanded to the Circuit Court for a new trial under Judge Mauldin's order.

MR. JUSTICE MARION concurs.

Mr. Chief Justice Gary concurs in the result and in the concurring opinion of Messrs. Justices Marion, Watts and Fraser dissent.

Mr. Justice Marion (concurring) :

The grounds of affirmance suggested by Justice Cothran are valid, but my conclusion is largely determined by the following considerations. The Circuit Judge's order was clearly predicated upon his view as to the weight and sufficiency of the evidence. He held in effect that, if defendant's evidence was entitled to credence, then there was no actionable negligence on the part of the carrier. In his opinion, as the order discloses, the weight and sufficiency of defendant's evidence were such as to overcome any presumption of actionable negligence arising from the evidential facts adduced by plaintiff. In holding that defendant's evidence, if believed, left no room for an inference or presumption of actionable negligence against the carrier, the Circuit Judge committed no error of law. In the view that defendant's evidence was entitled to credence, and hence that the jury's finding was without adequate evidential basis to support it, the Circuit Judge's action was based upon a matter of fact, and not a matter of law. Upon such a question of fact, this Court, of course, has no power to review the Circuit Judge's determination. I am, therefore, clearly of the opinion that Judge Mauldin's order was not appealable.

Mr. Chief Justice Gary concurs.

Mr. Justice Watts (dissenting) : This is an appeal from an order of his Honor, Judge Mauldin, granting a new trial in the case. A reading of the order convinces me that his Honor's order is based upon the law of the case. Such an order is appealable. His Honor was right in the first instance in submitting the case to the jury as to whether there was any actionable negligence on the part of the respondent.

Mules were in good condition when purchased at Atlanta, on January 22d; in good condition when shipped from Atlanta on January 28th; in good condition on arrival at Abbeville on January 29th; shipped by the agent at Abbeville, after being reloaded by the agent there, at 2 a. m. January the 30th. He says:

"And forwarded from my place at about 2:30 and carried into the yard, which is about a mile from my station."

He says further:

"I do not know when they left from the yard, which is a mile from my station."

The records show that they did not arrive at Hamlet until 10:30 a. m. January 31st. It was for the jury to say, under all the facts and circumstances, whether there was any negligence on the part of the respondent in delaying the shipment, or whether there was any unnecessary delay.

Order appealed from should be reversed.

MR. JUSTICE FRASER concurs.