## RISINGER v. SOUTHERN RY.

1 RAILROADS—NEGLIGENCE—TRAVELED PLACE.—Is a place where a railroad company has carefully prepared, and which it invites the public to use, and which for years the public has used, not a "traveled place," under Rev. Stat., 1685, 1692?

2. IBID.—IBID.—JURY—NONSUIT.—Whether an engine and cars run through a town at a high rate of speed, is negligence, is a question for the jury, under proper instructions, and it is error for the Judge to decide that it is not negligence and grant a nonsuit.

Before ALDRICH, J., Lexington, October, 1899. Reversed.

Action for damages for negligent killing, by Debby Risinger, administratrix, against Southern Railway Co. From order granting nonsuit, plaintiff appeals.

*Messrs. Efird & Dreher* and *E. L. Asbell,* for appellants. The former cite: *It is negligence to run a train at a reckless rate of speed through a town:* 4 Am. & Eng. R. R. Ca., 552; 8 *Id.,* 267, 443, 280; 34 *Id.,* 78. *Place of accident was "traveled place:"* 47 S. C., 375; 34 S. C., 444; 47 S. C., 332; 41 S. C., 20. *Negligence to run train across highway before arriving at point of accident without giving statutory signals:* 52 S. C., 326; 71 Mo., 51; 123 N. Y., 648; 41 Fed. R., 190; 16 L. R. A., 129. *Negligence is question for jury:* 54 S. C., 509; 51 S. C., 460; 25 S. C., 30.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra, cite: *Fast running of a train is not negligence, per se:* 34 S. C., 444; 7 S. C., 402; 64 Mo., 267; 72 Mo., 50; 74 Mo., 594; 85 Tenn., 240. *Place of accident was not "traveled place," and secs. 1685 and 1692 do not apply:* 34 S. C., 444, 292; 41 S. C., 1. *Nonsuit is proper, where there is no evidence tending to show negligence:* 57 S. C., 433; 45 S. C., 278.

March 11, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The complaint alleged that Jacob D. Risinger was killed on the 23d day of January, A. D. 1897, in the county of Lexington, in said State, by the defendant's engine and tender, run on its track through the corporate limits of the town of Leesville, "so negligently, rapidly and unskilfully, and without giving the statutory signals of blowing its whistle and ringing the bell, across an open space adjoining a street crossing defendant's track in front of its depot, where people were accustomed to pass and repass continually in going from the street of the town

to defendant's depot," and that thereby the plaintiff, as administratrix of the estate of said Jacob D. Risinger, was entitled to recover $1,950 damages for the benefit of herself, as the widow, and the eight children of the said Jacob D. Risinger, deceased. Of course, this is an action under Lord Campbell's act. At the hearing before Judge Aldrich and a jury, after plaintiffs had offered testimony, the defendants moved for a nonsuit on grounds we shall hereafter specify. Judge Aldrich granted the motion by a short order. The plaintiff now appeals.

The grounds upon which the nonsuit was granted, in the language of the Circuit Judge, are: "When a motion for nonsuit is made, it is the duty of the Court to pass upon it as he would any other issue presented to him. Without undertaking to elaborate the grounds of this motion, or to follow the argument presented on either side, I think it will be proper first to refer to the allegations of the complaint. Inverting somewhat the order of the allegations, the charge is that Mr. Jacob D. Risinger was killed by this train, the allegation is that he was killed while upon or crossing an open space, adjoining a street crossing defendant's track in front of its depot, where people were accustomed to pass and repass continually in going from the street of the town to defendant's depot. The allegation is specific that it was not a highway, it was not a street, because the allegation is that this open space adjoins a street, and the allegation is that it is an open space where people were accustomed to pass and repass continually in going from the street of the town to defendant's depot. Assuming, therefore, that the purport of this allegation is to allege that this open space was a traveled place, in the sense of the statute, we must construe, first, what a traveled place is. It is where the public not only travel, but have a legal right to travel. Now, the testimony here, in my judgment, all of it proves an occupation of that open space by permission of the railroad. There is no evidence tending to show that open space was a traveled place. The next allegation is that it was negli-

gence in the failure of the engineer to give the statutory
signal of blowing the whistle, ringing the bell.   That statu-
tory duty is placed upon the railway company for the pro-
tection of passengers upon highways, streets and traveled
places, and if, as alleged here, the person was not killed on
such highway, street or traveled place, the failure to give
those signals could not be actionable.   The second is as to
the rapid running of the engine.   The rapid running of a
train, *per se,* is no evidence of negligence.   The other alle-
gation is that it was negligent by leaving a car upon a side
track.   The railroad had the right to leave its car upon this
side track, if it does so in accordance with law; and there is
nothing shown here that the conduct of the railway com-
pany in placing its car where it was is illegal."

The Circuit Judge erred, as it is suggested by the appel-
lant: "1. In that he held it was not negligence, *per se,* to
run an engine and tender at a rapid and reckless rate of
speed through a town.   2. In that he did not hold that a
place prepared by the defendant company for the use of the
public, and which the public used by its consent in attending
to business with it, was a 'traveled place,' under Rev. Stat.,
1685.   3. In that he did not hold that a way used by the
public for more than twenty years across defendant's track
was a 'traveled place,' under Rev. Stat., 1685.   4. In that
he took away from the jury the question of whether or not
the place at which Risinger was killed was a 'traveled place,'
under Rev. Stat., 1685.   5. In that he erred in not holding
that it was negligence, *per se,* for the defendant to cross the
street and traveled place in the town of Leesville with its
locomotive, without ringing the bell and blowing the whistle.
6. In that he erred in deciding that the acts of Risinger were
the proximate cause of his death, when he should have sub-
mitted to the jury the question of proximate cause upon the
proof tending to show negligence in the defendant and con-
tributory negligence in Risinger.   7. In that he erred in
striking out as speculative the following question and
answer: 'Q. Now, if that engine had had cars to it, and had

been running at the ordinary rate of speed that trains run through that town and making the ordinary noise, couldn't Mr. Risinger have passed from where he was around to'— Mr. Abney: I object. 'Mr. Efird: Wait until I finish. 'If that train had been running at the usual rate of speed and had had cars enough to make the usual noise that trains running through there make, couldn't Mr. Risinger have had time enough to go from where you saw him around and beyond the track of the main line, from the time you first heard that noise up the road? A. Yes, sir; if it had been going at the usual speed, he could have made the time.' 'Q. If it had been running at the usual rate of speed, he could have had time to go around there and out before the train struck him?' A. 'Yes, sir.' "

This Court has in several instances in the past construed the two sections of the statute of this State intended to regulate the conduct of a railroad in running its engine and cars across highways, streets or traveled places, without ringing its bell or sounding its whistle, when within 500 yards of such highways, street or traveled place (see secs. 1685 and 1692 of Revised Statutes of the year 1893), so far as "traveled place" is concerned. The meaning attached by such decisions to "traveled place" is as laid down in *Hankinson* v. *R. R. Co.,* 41 S. C., 20: "The rule, as we understand it, is that to constitute a 'traveled place,' it must not only be a place where persons are *accustomed* to travel, but it must also be a place where persons have in some way acquired *the right* to travel. *Hale* v. *R. R. Co.,* 34 S. C., at page 299, affirmed in *Barber* v. *R. R. Co.,* 34 S. C., at page 450." As was remarked by the late Chief Justice Simpson, in *Neely* v. *R. R. Co.,* 33 S. C., at page 139: "Now, there can be no doubt but that the object of these sections was to prevent collisions which might occur between persons attempting to cross the track of the railroad and the locomotive and cars approaching the crossing at the same moment, and the provisions of the act did not include and was not intended to include injuries inflicted upon bystand-

28—59

ers not intending to cross * * * but not upon the crossing or using it to pass from one side to the other." The foregoing decisions correctly set forth the true construction of the sections of the act we are now considering, when the same refer to the same questions raised by the decisions of this Court as quoted just above. But while all this is true, the case here sets up the state of facts, that the railroad company had carefully prepared a place leading to its depot, which it invited the public to use and which for years the public actually did use. Why may not this also be a "traveled place" in the language of the statute?

But apart from this, the Circuit Judge erred when he announced his views on this matter for a nonsuit, for there was testimony that the engine and cars were moving at a high rate of speed through the town of Leesville.

2    It was not the province of the Circuit Judge to determine whether such high speed of the engine and tender did or did not constitute negligence. This should have been confided to the jury for its solution, under the charge of the Judge as to what negligence was. Hence, without going further, this was reversible error, and the order granting the nonsuit must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the action remanded to that Court for a new trial.