8927

NUNNAMAKER v. SMITH'S *ET AL.*

(82 S. E. 675.)

APPEAL AND ERROR. NEW TRIAL. SLANDER.

An appeal will not lie by a defendant, who has been acquitted of slander, from an order granting a new trial; since the Court could not render judgment absolute on the right of the appellant, if it should decide there was no error in granting the new trial.

Before PRINCE, J., Columbia, February, 1914. Appeal dismissed.

Action by Mary Nunnamaker, an infant, by Ida L. Nunnamaker, her guardian *ad litem,* against Smith's, a corporation, and H. K. Smith. From an order granting a new trial H. K. Smith appeals. The facts are stated in the opinion. The case had been before the Court on a former appeal; see 96 S. C. 294, where the complaint is stated.

*Mr. Edward L. Craig,* for appellant, submits: *Defendant, H. K. Smith, having been acquitted should be discharged,* and cites 65 S. C. 344; 75 S. C. 293; 82 S. C. 520.

*Mr. D. W. Robinson,* for respondent, submits: *In actions against master and servant for injuries caused solely by the*

*misfeasance of servant, a verdict cannot be rendered in favor of the servant and against the master:* 68 S. E. 1103; 30 L. R. A. (N. S.) 404 and notes, pp. 407, 408; 73 S. E. 1062; 200 Mo. 347; 9 L. R. A. (N. S.) 880 and note, p. 884; 218 Ill. 414; 2 L. R. A. (N. S.) 764; 142 U. S. 18; 35 L. Ed. 923, 925. *Servant personally liable:* 72 S. C. 472, 473; 2 L. R. A. (N. S.) 379 and note; 48 S. C. 324; 82 S. C. 523, 524; 131 Ky. 142; 25 L. R. A. (N. S.) 343 and note; note in 50 L. R. A. 644; 3 Thomp. Corp. 4091; 1 A. & E. Enc. of L. (2d ed.) 1134, 1135. *Cases distinguished because other acts of negligence than those of agent were involved:* 65 S. C. 344; 68 S. C. 55; 194 U. S. 141; 48 L. Ed. 910; 75 S. C. 290; 65 S. C. 338; 93 S. C. 342, and review of authorities in note in 30 L. R. A. (N. S.) 404 to 407.

August 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The defendant, Smith's, is a corporation and the defendant, H. K. Smith, the president-treasurer and manager thereof, were sued jointly in this action for slander. The evidence showed that if the tort was committed, it was done by and through the agency of the defendant, H. K. Smith. The Court instructed the jury that they might find a verdict against either or both defendants. The jury found against the corporation only. On motion of plaintiff, the Court set aside the verdict and granted a new trial, on the ground that it had erred in the instruction that the verdict might be against either or both defendants, and held that the verdict acquitting the agent and finding the corporation guilty was self-contradictory. The defendant, H. K. Smith, appealed.

An order granting a new trial is not appealable, except in cases where this Court can render judgment absolute upon the right of the appellant, if it shall determine that no

error was committed in granting the new trial. This conclusion was reached in *Daughty* v. *Northwestern R. Co.*, 92 S. C. 361, 75 S. E. 553, after mature deliberation and a review of all the decided cases. This is not such a case; because, if the Court should decide that there was no error in granting the new trial, it could not render judgment absolute upon the right of the appellant, since he has been acquitted of the slander by the jury. If we should find no error, we could only send the case back for trial. Therefore, the order is not appealable.

Appeal dismissed.