10976

GANTT v. SOUTHERN RY. CO.

(113 S. E. 79)

APPEAL AND ERROR—ORDER GRANTING NEW TRIAL ON GROUND OF ERROR IN INSTRUCTIONS IS APPEALABLE.—An order of the trial Court granting a new trial on the ground that the Court erred in giving instructions is appealable.

Before WHALEY, J., County Court, Richland, February, 1922. Appeal dismissed.

Action by James Gantt against Southern Railway Co. From order granting a new trial after verdict for plaintiff, the plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Pleadings should be liberally construed in favor of pleader*: 12 S. C., 5; 69 S. C., 492; 21 R. C. L., 466. *Contract was for benefit of all employees*: 188 Ky. 834.

*Messrs. Barnett & McDonald,* for respondent, cite: *Order granting a new trial is not appealable*: Code Proc. 1912, Sec. 11; 92 S. C., 361; 83 S. C., 574; 95 S. C., 471; 97 S. C., 381; 98 S. C., 466; 102 S. C., 1, 106 S. C., 211. *Responsibility of plaintiff was so fixed that hearing on it would have been idle ceremony*: 5 C. J., 62; 277 Fed., 853; 6 Ves. 815; 102 Fed. 1005; 91 S. C., 503. *Evidence of cause of discharge admissible under general denial*: 66 S. C. 135; 73 S. C., 503; 50·S. C., 49. *Contract was not between individual employees and the Company*: 124 Am. St. Rep., 60; 45 L. R. A. (N. S.), 184. *Employer may terminate at will contract of service indefinite as to duration:* 39 L. R. A., 467; 141 U. S., 627; 168 Fed., 500; 227 Fed., 372; 183

N. Y. S., 195; 129 Mich., 502; 62 L. R. A., 922; 26 Cyc., 981; 18 R. C. L., 508; 22 Ky. L. Rep., 847; 99 Ky., 427; 80 S. E., 839; 64 S. E., 763; 30 L. R. A., 491.

July 25, 1922.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order granting a new trial, and involves the construction of the complaint, which is as follows:

"(1) That the defendant is a corporation duly chartered under the laws of the State of Virginia, and is engaged in the general railroad business in this State and County.

"(2) That at the times hereinafter mentioned said railroad company was being operated under the rules and regulations made by the United States Railroad Administration with said Southern Railway, executed February 28, 1920, in accordance with the terms of the settlement award of the committee of the Council of National Defense made in New York under date of March 19, 1917, and decisions handed down by the Commission of Eight subsequent to the latter date.

"(3) That the plaintiff, James Gantt, is a resident and citizen of this County and State, and was working as a brakeman on July 20, 1921, and had been for some time previous thereto.

"(4) That under said agreement above referred to the said James Gantt was drawing wages at the rate of $4.88 for an eight-hour day and was averaging four hours' overtime at 91 cents an hour every day.

"(5) That on the 20th day of July, 1921, while working under said agreement near Branchville, S. C., there was an accident to the train on which the plaintiff was working.

"(6) That thereafter, to wit, on July 25, 1921, Superintendent W. D. Post, of Columbia, S. C., without giving the plaintiff any investigation whatsoever, as provided by article

31 of the agreement above referred to, discharged this plaintiff from the service of said Railway Company, in violation of the terms of said article 31 of said agreement, the said agreement having been for the benefit of the employees of said company, among them being this plaintiff.

"(7) That, according to the terms of said agreement, this plaintiff could not be discharged without an investigation and without paying him for his lost time in case he was unjustly discharged, but nevertheless the said W. D. Post, Superintendent of this division of the Southern Railway Company, and acting for said Company, discharged said plaintiff without cause and failed and refused to furnish this plaintiff with any charges and failed to comply with article 31.

"(8) That by reason of said breach of contract this plaintiff has lost the sum of $1,500 wages which he would have earned if he had not been discharged and which he is entitled to recover under the terms of said contract.

"Wherefore the plaintiff demands judgment against the defendant in the sum of $1,500 and for the costs of this action."

The answer of the defendant was a general denial.

In his charge to the jury his Honor the County Judge instructed them to disregard any testimony as to the cause of the wreck, stating that whether or not the defendant had cause to discharge the plaintiff was not an issue before them.

At the conclusion of the case, and after the jury had rendered a verdict in favor of the plaintiff for $700, the defendant made a motion for a new trial, which the presiding Judge thus disposed of:

"Having erroneously eliminated a material issue out of the case at the trial, a new trial must be granted."

The plaintiff appealed from this order. Before proceeding to consider the merits of the case, there is another appeal to be disposed of. The defendant appealed from an order of the County Judge refusing to extend the time for

serving amendments to the case proposed by the plaintiff.

The defendant had failed to satisfy this Court that there was prejudicial error, and that appeal is therefore dismissed.

As to the appeal involving the merits, we call attention to the rule announced in *Glover v. Heyward,* 108 S. C., 486; 94 S. E., 878, which is as follows:

"This is an appeal from an order granting a new trial. * * * The order was granted by his Honor upon the ground that he made an error in his charge to the jury. Ordinarily an appeal from an order granting a new trial is not allowed, unless this Court can give judgment absolute. However, in this case the new trial was based and the order granted upon what his Honor conceived to be an error of law on his part in his charge to the jury, and from such an order an appeal will lie. Had he granted a new trial, because he did not approve of the verdict found by the jury, or in any manner exercise his discretion in granting a new trial, his order would not be appealable. But, as he granted it on what he conceived to be an error of law on his part in his charge to the jury, the question to be determined is: Did he or did he not commit an error in his charge? If he did, then his order should be affirmed. If he committed no error, then the order appealed from should be reversed."

We desire to call special attention to the fact that the complaint is founded upon a contract, the provisions of which are therein stated. In order for the complaint to state facts sufficient to constitute a cause of action, it was necessary for it to state the *delict,* or the facts showing a breach thereof by the defendant. The plaintiff's attorneys realized this necessity, and therefore alleged in their complaint that the defendant discharged the plaintiff without cause. But for the allegation showing a breach of the contract, the complaint would have been subject to a demurrer.

After the presiding Judge charged the jury to disregard any testimony as to the cause of the wreck, and that whether or not the defendant had cause to discharge the plaintiff

was not an issue before them, there was no testimony to sustain the verdict for $700 or any other amount for the plaintiff.

Appeal dismissed.