## 11729

### SNIPES v. DAVIS, DIRECTOR GENERAL, *ET AL.*

#### (127 S. E., 447)

1. COURTS—WHERE TWO JUDGES DISSENT AND TWO CONCUR IN RESULT ONLY, DECISION IS NOT BINDING ON SUBSEQUENT LITIGATION.—Where two Judges concur only in result and two dissent, decision of Court cannot be considered as binding on subsequent litigation.

---

Note: On duty of railroad to give crossing signals at place not technically a highway crossing, but used as such, see note in 49 L. R. A. (N. S.), 814.

2. APPEAL AND ERROR—APPEAL WILL LIE IN EVERY CASE FROM ORDER GRANTING OR REFUSING NEW TRIAL ON ERROR OF LAW, THOUGH JUDGMENT ABSOLUTE ENTERED ON APPEAL ONLY WHERE QUESTION OF LAW INVOLVED IS CONCLUSIVE; "RIGHT OF APPELLANT."—Under Const. and Code Civ. Proc., 1922, § 26, appeal will lie from every order granting or refusing to grant new trial on error of law, but on hearing appellate Court can render judgment absolute only in those cases where there is no error in order appealed from and question of law involved is conclusive of case, both as to law and merits "the right of appellant" meaning as used in statute, right to maintain suit or defense.

3. APPEAL AND ERROR—ERROR CANNOT BE PREDICATED ON COURT'S ERRONEOUS CONSTRUCTION OF COMPLAINT NOT OBJECTED TO.—Error cannot be predicated on trial Judge's erroneous construction of complaint in charging jury where his attention has not been called to such fact and issues as stated by him are in fact concurred in by counsel.

4. RAILROADS—"TRAVELED PLACE" WITHIN STATUTE REQUIRING CROSSING SIGNALS DEFINED.—A locality does not become a "traveled place" within meaning of statute relating to giving of crossing signals simply because railroad invites public to come upon its premises, it being further required that public acquire a right to be there at any and all times.

5. RAILROADS—INSTRUCTION DEFINING "TRAVELED PLACE" HELD PREJUDICIAL.—In action for death of one killed while crossing railroad tracks near station, instruction erroneously defining "traveled place" within meaning of statute relative to crossing signals as place which public had been invited to use as crossing held prejudicial as placing on defendant a greater burden of defense as to contributory negligence under statute than law imposed.

6. APPEAL AND ERROR—COURT ON APPEAL FROM ORDER GRANTING NEW TRIAL FOR ERROR AT LAW IN GIVING INSTRUCTION HELD WITHOUT POWER TO RENDER JUDGMENT ABSOLUTE.—In action against railroad where giving of erroneous instruction defining traveled place within meaning of statute was not determinative of rights of parties, held on appeal from order granting new trial Court was without power to render judgment absolute.

Before JAMES R. COGGESHALL, SPECIAL JUDGE, Dillon, October, 1923.  Affirmed.

Action by Mamie Snipes, as Administratrix of the estate of *C. E. Snipes, deceased, v. James C. Davis, Director General of Railroads, et al.*  Verdict for plaintiff and from an order granting a new trial, plaintiff appeals.

The following is plaintiff's complaint and the portion of the charge referred to in the opinion:

### COMPLAINT

1. That she has heretofore been duly qualified and commissioned by the Judge of Probate for Marlboro County administratrix of the personal estate of her deceased husband, C. E. Snipes, and she has duly entered upon the discharge of her duties as such administratrix. That the said C. E. Snipes was killed by the willfulness and negligence of the defendants operating the Seaboard Air Line Railroad Company on or about the 18th day of June, 1918. He left surviving him the plaintiff, his widow, and six children, whose names are as follows: Olivia, Kittie May, Coley, Susan, Margaret and Hazel Lee Snipes, and she brings this action for their and her own benefit.

2. That the Seaboard Air Line Railroad Company was at the times hereinafter mentioned, and is now, a railroad corporation organized under the laws of one of the states of the American Union, and prior to the 28th day of December, 1917, was the owner of and operating, maintaining a railroad running from the city of Hamlet, North Carolina, via Clio and Dillon, to Charleston, South Carolina.

3. That the Seaboard Air Line Railroad Company was at the times hereinafter mentioned, and now is, a railroad corporation organized under the laws of the State of Virginia, and prior to the 28th day of December, 1917, was owning, operating, maintaining and controlling a railroad in the counties of Marlboro and Dillon, State of South Carolina.

7. That on or about the 18th day of June, 1918, as she is informed and believes, plaintiff's intestate, C. E. Snipes, was standing at the Seaboard depot in the town of Clio, in the county of Marlboro, in the State of South Carolina, engaged in conversation with an employee of said railroad concerning the placing of certain cars. That at that point the said railroad has three tracks, the main track, and a

side track on either side thereof. They were standing be-
tween the rails of the sidetrack between the main track and
the depot. That the depot and a cotton platform are situ-
ated along side of, and so near this sidetrack that from neces-
sity, the public and persons having business to transact with
said railroad are compelled to pass over and along the track
at this point, and have been in the habit of doing so ever since
said depot was located and built, with the full knowledge,
consent, and acquiescence of the defendants, and, in fact, this
is the only place provided by the defendants for passengers
to enter and alight from the train; that at this point, the
track runs approximately north and south, and the said
intestate was standing several yards north of the depot and
opposite the platform building. After having finished his
conversation in reference to placing cars, he started diag-
onally across the main track of said railroad going towards
his place of business which is located on the west side oppo-
site the depot. That trains coming from the main line of
said railroad to said depot on a spur track which leaves the
main line a few hundred yards from said depot, and which
is built on a curve, and crosses a much-traveled street about
one hundred yards before reaching the depot and across
another street which is much traveled right at the south end
of depot. That along said curve the said railroad had negli-
gently allowed much shrubbery, bushes and trees to grow
and remain with other obstructions near the track, which
totally obstructed the view of any train approaching from
around said curve until the train got within a very short
distance of depot; that at this time a freight train was
standing on one of the sidetracks, and the engine was mak-
ing noise, such as letting off exhaust, etc., so that it was
impossible for the decedent to hear the noise incident to
the moving train. That as said intestate was passing across
said tracks to his place of business as aforesaid, totally
unconscious of any danger, suddenly an engine drawing a
train of cars came around the aforementioned curve of said

spur track at a rapid and dangerous rate of speed, without blowing whistle or sounding bell or giving any warning whatsoever of its approach, and ran upon the decedent from the rear, struck and knocked him down and dragged him for a considerable distance, cut one leg off, and otherwise bruised and mangled his body to such an extent that, although he was given prompt medical and surgical assistance, he died within 24 hours. That the conduct of said railroad, and the employees, in allowing the view to be obstructed by bushes and trees, and in running said train up to said depot without sounding bell or whistle or giving other warning signal of its approach, was a wanton, willful and reckless disregard of its duties to the public generaly, and particularly to this decedent, and amounted to a wanton, reckless and gross negligence, and by reason thereof this plaintiff has been damaged in the sum of seventy-five thousand dollars ($75,-000.00). That the decedent, said C. E. Snipes, was a man forty-seven years of age, in perfect physical condition and health, he was a trained and successful business man, with an earning capacity of from five to ten thousand dollars per annum; and had an expectancy of life for approximately twenty-four years, and the plaintiff and her children were totally dependent upon his earnings for their support, maintenance and education; and she alleges that his death has caused her and them the pecuniary loss of seventy-five thousand dollars ($75,000.00).

Wherefore plaintiff demands judgment against the defendants for the sum of seventy-five thousand dollars ($75,-000.00), together with the costs and expenses of this action.

C. L. Williams,

T. I. Rogers,

Plaintiff's Attorneys.

### Judge's Charge

Mr. Foreman and Gentlemen of the Jury: The fact that a motion was made for the direction of a verdict this morning and refused, you have nothing to do with that. Matters

of law are for the Court, and you have to pass entirely upon the facts. The Court has nothing to do with that. I might say again that the law gives to the plaintiff in a case like this six years from the time that a party is killed in which to bring an action, and that any time they may bring it within six years is all right. You have nothing to do with the fact whether she brought it promptly or delayed in bringing her action.

Now, it is alleged and admitted, I believe, that Mr. Snipes, Mr. C. E. Snipes, was killed in June, 1918, by a Seaboard Air Line Railway train at the point that has been designated to you here. The plaintiff alleges that this was done negligently by the officers and agents of the railroad company, and this the defendant denies, and they set up as a defense, as an affirmative defense, contributory negligence on the part of the deceased. In other words, that the deceased was guilty of negligence himself in going on the railroad track in front of the train at the time that he did. That is a question for you to decide. The plaintiff alleges further that the deceased was killed at a public highway, or street, or traveled place. I believe that the allegation is that it was a traveled place, not at a street crossing, or on a public highway, and that the law requires the railroad company on approaching a station to give certain signals which are required by the statute to be given on approaching a railroad crossing or traveled place. And the defendant sets up gross or willful contibutory negligence to defeat, on the part of the deceased, to defeat the claim of the plaintiff on this ground. Then the plaintiff alleges the amount of damages to which the plaintiff is entitled. The defendant, in addition to setting up the defense of contributory negligence and of gross and willful contributory negligence, also denies that they were negligent at all, or that they were responsible, or that the plaintiff is entitled to recover anything.

The Court: (addressing counsel) I believe, Gentlemen, that about states the issues, does it not?

Mr. Rogers: I think so, your Honor.

Mr. Muller: So far as the defendant is concerned, I think so, if the Court pleases.

The Court: (addressing jury) Under the common law, Gentlemen, if a railroad company negligently kills a person, why they are responsible for damages for such killing; provided, they do not come in and show some reason which exonerates them from this responsibility.

Now negligence has been defined to be the want of ordinary care. That is, the care which a reasonable man would take under the circumstances. Now, it is alleged in the complaint that the deceased was killed at a traveled place. There is a conflict on that point. I will charge you what I conceive to be a traveled place. The rule, as I understand it, is that to constitute a traveled place, it must not only be a place where persons are accustomed to travel, but it must also be a place where persons have in some way acquired a right to travel. And if you find that for a long term of years the defendant railroad company, or the defendant, Seaboard Air Line Railway Company, recognized the right of the public to cross at the point in question, or through the invitation of the railroad company the public had used the railroad at this point as a crossing, you may find that it was a traveled place as contemplated in the statute.

Now, a statute of this State requires that certain signals be given by a railroad company, and fixes the penalty for not giving them when they are approaching a crossing, or traveled place as I have described to you, and I will read to you the statute (reads statute).

Now, section 4925 of the Code of Laws, is that if a person is injured in his person or property by a collision, that the (reads statute).

Now, Gentlemen, I charge you that if you find that this was a public place where Mr. Snipes was killed, I said public place, I mean traveled place, as I have described to you a

traveled place, and that the train failed to give the signals, that was negligence in itself. It is incumbent upon the railroad company to show that the deceased was guilty of gross or willful contributory negligence. Now, what is gross negligence? It is the absence of that kind of care which even a careless and indifferent person would be expected to exercise under existing circumstances. A man approaching a railroad at a public crossing, highway, or traveled place, has a right to rely upon the railroad giving the signal required by the statute. But I charge you further that it is his duty, that a railroad is a sign of danger, and that it is the duty of a man in entering upon a track to use his senses to find out whether there is any impending danger or not. Now, Gentlemen, it is for you to say under the facts as testified to here, and under the law as I have given it to you as to whether the place where Mr. Snipes was killed was a traveled place or not, and it is for you to say again whether or not he used his senses of sight and hearing to see if there was any impending danger. And it is for you to say again whether he was guilty of gross or willful negligence in going upon that track, even though they did not give those signals.

*Messrs. Clauson Williams* and *T. I. Rogers,* for appellant, cite: *Appeal from Order granting new trial on question of law:* 10 S. C., 448. *Traveled place:* 41 S. C.—; 134 S. C., 299; 59 S. C., 429; 63 S. C., 500; 75 S. C., 292; 67 S. C., 508; 121 S. C., 400; 122 S. C., 95. *Failure to give signals evidence of wantonness:* 121 S. C., 191. *Party cannot complain of failure to charge when no request was made:* 63 S. C., 521; 47 S. C., 105. *Contributory negligence no defense:* 121 S. C., 400; 106 S. C., 123.

*Messrs. George E. Dargan* and *Gibson & Muller,* for respondent, cite: *Order not appealable:* Code Procedure, Sec., 26; 120 S. E., 495; 77 S. C., 319; 14 S. C., 111. *Traveled place means a place traveled by legal right:* 97 S. C., 423; 114 S. C., 522; 63 S. C., 498.

March 27, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

This suit was brought in the Court of Common Pleas for Dillon County to recover damages for the death of plaintiff's intestate and resulted in a verdict for the plaintiff. A motion for a new trial was made and the trial Judge granted the motion upon the sole ground that he had committed an error in charging the jury as to what constituted a traveled place, purely a question of law. From this order the plaintiff appealed, alleging error in granting the new trial and contending that the law was properly charged. Let the complaint and the Judge's charge be reported.

The respondent takes the position at the outset of this appeal that the order of the trial Judge is not appealable for the reason that the legal question involved is not determinative of the rights of the parties. This he alleges is the test of the appealability of such orders under section 26 of the Code of 1922. That section is as follows:

"The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases * * * when such order grants or refuses a new trial. * * * Upon any appeal from an order granting a new trial on a case made, or on exceptions taken, * * * if the Supreme Court shall determine that no error was committed in granting the new trial, it shall render judgment absolute upon the right of the appellant."

This question will be first considered, and then will be taken up the remaining questions as to whether or not there was error in the charge of the trial Judge upon which he based his order for a new trial. Considerable confusion has arisen in the Courts as to the real meaning and the applicability of this section of the Code, and reference will be made to some of the decided cases.

The present section of the Code was adopted in 1896 but before that there was a somewhat similar section which con-

tained a provision that the appellant should file with his appeal a consent that, in case the appeal went against him, the Court should render judgment absolute in favor of the respondent. This provision was later stricken out by the General Assembly.

In *Byrd v. Small,* 2 S. C., 388, the Court says:

"If, therefore, it does not appear that the order of the Circuit Judge granting the new trial was founded on an erroneous view of the law, we are without authority to interfere with it."

This case also holds that the power of the Circuit Court to grant or refuse new trial "is subject to the correction of this Court when his order granting or refusing a new trial involves a question of law."

In *Massey v. Adams,* 3 S. C., 263, the Court says:

"The only question proper for our consideration, is whether there was error of law in the order granting the new trial. If it was founded, either wholly or in part, on a conclusion from the fact contrary to that of the jury, then, according to the well-established principles governing the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere."

In this case the defendant was the appellant and he agreed, according to the provision of the Code, that in case of affirmance by the Supreme Court judgment absolute should be rendered for the plaintiff, respondent. The Court held that no error of law was committed by the trial Judge as the new trial was granted upon the facts. The order for new trial was affirmed and judgment absolute was rendered according to the stipulation of the appellant in his notice of appeal.

In *Caston v. Brock,* 14 S. C., 104, the Court dismissed the appeal because the consent that judgment absolute should be rendered against him, in case he was unsuccessful, was not filed by the appellant. This consent was at that time a prerequisite to maintaining an appeal. In this case the Court

discusses the reason for the consent to judgment absolute and says:

"The clear object of demanding the assent of the appellant to a judgment absolute is to discourage appeals from orders granting new trials, except," etc.

Further the Court says:

"The decision of the appellate Court may possibly settle nothing of importance to the case, as, on a second trial, the subject and ground of exception may be entirely eliminated from the case. When, however, the whole question is one of law, capable of being finally disposed of by the appellate Court, no such inconvenience arises."

The case of *Calhoun v. Railway,* 42 S. C., 132, 20 S. E., 30, was decided in 1894. A verdict for the plaintiff was set aside for error of law and the plaintiff appealed. In his notice of appeal the plaintiff inserted the required consent as to judgment absolute in case he was unsuccessful. Being unsuccessful and no error being found, judgment absolute was rendered against the plaintiff.

The next case to be considered is *Marshall v. Railway,* 57 S. C., 138; 35 S. E., 497, which was decided after the amendment to the Code which eliminated the provision as to consent by the appellant for judgment absolute.

The Court says:

"The well-settled rule is that this Court cannot review an order refusing or granting a new trial, except for error of law."

In *Epperson v. Stansill,* 64 S. C., 485; 42 S. E., 426, the verdict was for the defendant and the plaintiff moved for a new trial which was granted for error of law. The defendant appealed. The Court held:

"The effect of the order was to grant a new trial, because in the opinion of the trial Judge the jury had been misdirected by him. It is error of law to grant a new trial for misdirection of the jury if, in fact, the instruction is correct."

The judgment was reversed as this Court found no error in the charge but there was no direction that judgment be entered for the defendant.

In *Jones v. Woodside Cotton Mills,* 83 S. C., 565; 65 S. E., 819, the Court says:

"As this is not a case in which judgment absolute could be rendered by this Court, an appeal from an order granting a new trial will not be entertained."

The report of the case fails to show any of the facts or upon what grounds of law or fact, the motion was decided. In *Lampley v. Railroad,* 77 S. C., 319; 57 S. E., 1104, the question is discussed at some length. In that case the defendant had a verdict which was set aside on motion of the plaintiff, and the defendant appealed. The record did not show upon what grounds the motion was granted. The Court says:

"Only those orders granting new trials are appealable in cases in which, if the Court determine that there was no error of law committed, it may then go further and render judgment absolute upon the right of the plaintiff."

The appeal was dismissed on the ground that the Court could not render judgment absolute, because intricate facts were involved. The above quotation can hardly be the law. There is no provision in the Code that the plaintiff is the sole beneficiary of the right to judgment absolute. In *Simmons v. Mason,* 88 S. C., 350; 70 S. E., 898, the Court held:

"The Court has held, however, in a number of cases that an order of the Circuit Court granting a new trial is not appealable."

To sustain this conclusion the following cases are cited: *Lampley v. Railroad,* 77 S. C., 319; 57 S. E., 1104. *Jones v. Woodside,* 83 S. C., 565; 65 S. E., 819. *Pace v. Railroad,* 83 S. C., 33; 64 S. E., 915. *DesChamps v. Railroad,* 83 S. C., 192; 65 S. E., 176. *Barker v. Thomas,* 85 S. C., 83; 67 S. E., 1. Also:

"The rule has been applied even where the new trial was granted on the construction of a written instrument—a purely legal question"—citing *Dixon v. Railroad,* 83 S. C., 392; 65 S. E., 351.

These cases are cited solely for the purpose of showing to what extent the confusion in the decisions has reached. The same cases are cited in *McKnight v. Dyson,* 91 S. C., 337; 74 S. E., 753, where it is held that the granting of a new trial by the Circuit Court on appeal from magistrate Court is not a case in which this Court can render judgment absolute, and hence is not appealable. In *Daughty v. Railroad,* 92 S. C., 361; 75 S. E., 553, the Court considered this question fully, citing many of the cases previously decided. *Dixon v. Railroad, supra,* holds that an appeal from an order granting a new trial on a question of law would be dismissed as unappealable was expressly overruled. As the *Dixon Case* was based upon the decisions in *Lampley v. Railroad, supra,* and *Pace v. Railroad,* 83 S. C., 33; 64 S. E., 915, it must be considered that a similar holding in these cases was likewise overruled. After discussing the power of the Supreme Court where no error was committed in granting the motion for a new trial, the opinion proceeds:

"But what of the case where error is committed? Can it be supposed that the Legislature was guilty of the absurdity of allowing an appeal from an order where no error is committed and denying it where error is committed?"

This case was cited in *Eaker v. Floyd,* 97 S. C., 381; 81 S. E., 656, where the order granting the new trial was not influenced by error of law; in *Wray v. Railroad,* 98 S. C., 278; 82 S. E., 412, where the order for a new trial was based solely on a question of fact; in *Nunnamaker v. Smith's,* 98 S. C., 466; 82 S. E., 675, where the order was held not appealable because the Court would not render judgment absolute; in *Town of Denmark v. Corley,* 100 S. C., 432; 84 S. E., 885, where a question of fact was present as well as a question of law, thereby rendering the Supreme

Court powerless to entertain the appeal; in *Parham v. Insurance Co.,* 106 S. C., 211; 90 S. E., 1022, where the appeal was dismissed because based upon matters of fact. In *Glover v. Heyward,* 108 S. C., 487; 94 S. E., 878, the Court, by Justice Watts, says:

"Ordinarily an appeal from an order granting a new trial is not allowed unless this Court can give judgment absolute. However, in this case the new trial was based and the order granted upon what his Honor conceived to be an error of law on his part in his charge to the jury, and from such an order an appeal will lie. Had he granted a new trial because he did not approve of the verdict found by the jury or in any manner exercised his discretion in granting a new trial, his order would not be appealable. But, as he granted it on what he conceived to be an error of law on his part in his charge to the jury, the question to be determined is: Did he or did he not commit an error in his charge?"

The Court held that because of error on the part of the Judge in granting a new trial for supposed error of law, the plaintiff, appellant, was entitled to his verdict as found by the jury. This rule was approved and followed in *Gantt v. Railroad,* 120 S. C., 235; 113 S. E., 79.

The latest case to be decided by this Court is *Ingram v. Hines,* 120 S. E., 493. The opinion of the Court undoubtedly fixed the law of that particular case but for the reason that two of the justices concurred in the result and two dissented, it cannot be considered as binding upon subsequent litigation. The appeal was dismissed because it was held that judgment absolute could not be rendered by the Supreme Court even though it could be considered an appeal from a point of law. Concurrence in the result was upon the ground that the order appealed from was on the facts and, hence, not appealable. Dissents were on the ground that the order was based on law and not on fact and, therefore, was appealable.

While one portion of the opinion in the *Ingram v. Hines Case* does not meet with our approval another portion is approved as being the true construction of the law. The disapproved portion is as follows:

"But, assuming that the order was granted upon the ground that there was no evidence at all tending to fix liability upon the carrier, *and that such ruling presented an issue of law,* it by no means follows that the order was appealable." Italics supplied.

We take the true rule to be that every order relative to a new trial based upon matter of law is appealable, as is hereinafter more fully explained. The approved portion of the opinion is as follows:

"If the order granting a new trial is based upon a matter of law, the decision of which is conclusive, not simply upon the appeal but upon the merits of the controversy, leaving no issue of fact upon which the rights of the parties depend, the drastic provisions of the section apply."

The "drastic provisions" spoken of are the right of the Court to render judgment absolute. From the decisions above cited it is quite apparent that every order granting or refusing a new trial for error of law is appealable. Some of the decisions seem to hold otherwise but, when it is considered that the Constitution, the Code and the latest reasoned decisions vest in the Supreme Court the power to review questions of law, the cases holding the contrary are not to be considered as binding authority. The right to appeal from such an order is not dependent upon the power of this Court to render judgment absolute. The two must not be confused for the power in this Court to review questions of law is a constitutional grant and the power to render judgment absolute is given by the Code. They are not at all inconsistent powers but proceed from different sources and along different lines. The power of this Court given by the Code to render judgment absolute is only when no error is found and is subject to the rule

approved in *Ingram v. Hines, supra.* This power could hardly be considered as depriving the Court of jurisdiction to hear an appeal based upon error of law when error is found. *Daughty v. Railroad, supra.*

To repeat, in every case where the order granting or refusing to grant a new trial upon error of law an appeal to this Court will lie, but, upon hearing the appeal, this Court can render judgment absolute only in those cases where there is no error in the order granting or refusing the new trial, and the question of law involved is conclusive of the case, both as to law and merits. As this question is somewhat beclouded, it may be well to illustrate our meaning. Suppose a suit is brought upon a promissory note and the trial Judge allows a bit of seeming hearsay evidence, or other doubtful question of law, to be introduced in the record and a verdict is rendered for the plaintiff. Upon motion by the defendant a new trial is ordered for this supposed error of law and the plaintiff appeals. As a question of law is involved, he has the right to appeal. No error of law in his order granting the new trial is found by the Supreme Court, and the law involved is in no manner determinative of the merits of the case. The judgment is, therefore affirmed, and the case is remanded for a new trial.

Again, take a suit upon a note which the defendant claims is barred by the statute of limitations. The Judge disregards this defense and sends the case to the jury where a verdict is rendered for the plaintiff. Upon motion for a new trial the verdict is set aside, and the plaintiff appeals. No error is found by the Supreme Court in the order granting the new trial. The Court, however, does find that under the law the note is out of date and that no recovery can be had on it. This finding settles all questions between the parties, and the Supreme Court renders judgment absolute upon the right of the appellant. The words "the right of the appellant" are somewhat confusing. They mean the right of the appellant to maintain his suit or defense. This provision of the Code

would have been more apparent and more easily understood if it had said "against" the right of the appellant, as this is clearly the meaning. It is a judgment of the Court upon his right and not in favor of his right.

In the illustrative cases used above the same rules would apply if the motions for new trials were refused instead of granted. We, therefore, conclude that the order granting the new trial, based as it was solely upon a question of law is appealable.

This brings us to the sole remaining question to be decided: Was there error of law in the order granting the new trial? The charge of the trial Judge relative to the law of a traveled place has been set forth in the first part of this opinion. His order contained the following:

"Upon due consideration of the case, I am satisfied that error was committed in charging the jury as to what constituted a traveled place and upon that ground the motion should be granted."

In so far as the first portion of the charge relating to a traveled place is concerned it appears to have been taken verbatim from *Hankinson v. Railroad,* 41 S. C., 1; 19 S. E., 206, and is entirely free from error. The public must not only be accustomed to travel at the given point but the right to travel must in some way have been acquired. The next portion of the charge to the effect that if the defendant recognized the right of the public to use that portion of the track where the deceased was killed, then that portion of the track could be considered a traveled place, is likewise free from error. It presupposes the necessary fact that the right has been acquired in some way. It may be stated, however, that if the right had been acquired by the public, the recognition of that right by the defendant would be immaterial.

The next portion of the charge was to the effect that if the public had used the point in question as a crossing through invitation of the defendant then it became a traveled

place as contemplated by the statute. This presents a much more serious and difficult question for solution. From reading the complaint, it appears that the cause of action was based solely upon the common law. No reference was made therein to a traveled place or to the statutory signals. The delict complained of was the failure to sound the bell or whistle, or give other warning signal of the train's approach to the depot. In stating the issues in his charge to the jury, the Court said:

"I believe that the allegation is that it was at a traveled place, not at a street crossing or on a public highway, and that the law required a railroad company on approaching a station to give certain signals which are required by the statute to be given on approaching a railroad crossing or traveled place."

Upon being asked by the trial Judge if his statement of the issues was correct, both attorneys, for plaintiff and defendant, answered in the affirmative. Thereupon, the trial Judge charged the jury fully as to the requirements for giving the statutory signals and read to the jury the sections of the Code applicable thereto. While the construction of the complaint by the trial Judge was clearly erroneous, it was the duty of the complaining side to call to his attention the error on stating the issues. Not only was this not done, but the counsel actually agreed that his statements were correct. No error could, therefore, be predicated upon this issue. Conceding, therefore, that the trial Judge had the right to submit to the jury the law of traveled place, in this particular case, the question arises as to the correctness of his instructions.

A locality does not become a traveled place within the meaning of the statute requiring signals to be given simply because a railroad company invites the public to come upon its premises. The public must acquire a right to be there at any or all times. Presence on the right of way of a railroad company may be based upon either an

absolute right or upon invitation. If the former, the right cannot be denied. If the latter, the invitation may be withdrawn at any time and the person present under the invitation as a licensee then becomes a trespasser.

From the testimony it appears that the accident occurred in the railroad yard, a short distance from the depot, and as the train was approaching the station. The cases of *Hale v. Railroad,* 34 S. C., 299; 13 S. E., 537, and *Barber v. Railroad,* 34 S. C., 450; 13 S. E., 630, are peculiarly in point. As controlling authority, reference may also be had to the cases of *Strother v. Railroad,* 47 S. C., 375; 25 S. E., 272. *Risinger v. Railroad,* 59 S. C., 429; 38 S. E., 1. *Kirby v. Railroad,* 63 S. C., 494; 41 S. E., 765. *Sanders v. Railroad,* 97 S. C., 423; 81 S. E., 786; and *Chisolm v. Railroad,* 121 S. C., 394; 114 S. E., 500.

Having determined that the invitation to be present 5, 6 on the right of way of a railroad company does not confer such legal right to be there as would constitute the right of way a traveled place under the statute, it only remains to ascertain whether the charge of the trial Judge was prejudicial to the defendant. If the deceased had been only a licensee then his negligence or contributory negligence, as the proximate cause of his death, would have defeated a recovery. But if he had been on the right of way as a matter of right, because the right of way was a traveled place then, in the words of the statute a recovery cannot be defeated "unless it is shown that in addition to a mere want of ordinary care the person injured was, at the time of the collision, guilty of gross or willful negligence or was acting in violation of the law." Construing the locality of the accident as a traveled place, created by invitation of the defendant, the "mere want of ordinary care," or negligence, on the part of the deceased would have been no defense. However, if his action had been treated as one at common law, as it undoubtedly was, then the mere want of ordinary care on the part of the deceased would have been

a valid defense, if it had been a proximate cause of his death. A greater burden of defense was, therefore, placed upon the defendant than the law imposed.

The charge of the trial Judge being erroneous, his order granting a new trial is affirmed. Accordingly, as the question of law involved is not determinative of the rights of the parties, this Court has not the power to render judgment absolute. The cause is, therefore, remanded to the Circuit Court for a new trial.

Affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. JUSTICE WATTS dissents. MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.