### THE STATE v. SMITH

(137 S. E., 739)

1. CRIMINAL LAW—ORDER GRANTING NEW TRIAL IS NOT APPEALABLE
IF CONCLUSIONS OF TRIAL JUDGE WERE INCONSISTENT WITH JURY'S
VERDICT.—If conclusions of trial Judge granting a new trial were
inconsistent with verdict rendered by jury, reached from a consid-
eration of testimony adduced in case, the order granting new trial is
not appealable.

2. CRIMINAL LAW—RULE REQUIRING MOTION FOR NONSUIT OR DIRECTED
VERDICT BEFORE RAISING POINT OF INSUFFICIENCY OF EVIDENCE HAS
NO APPLICATION TO MOTION FOR NEW TRIAL (CIRCUIT COURT RULE
77).—Circuit Court Rule 77, requiring motion for nonsuit or motion
for directed verdict before raising point that evidence does not
support alleged cause of action, has no application to motions for
new trials, being intended solely to regulate appeals from orders
refusing motions on ground stated in rule.

3. CRIMINAL LAW—GROUND ALLEGED IN MOTION FOR NEW TRIAL HELD
NOT TO RAISE QUESTION PURELY OF LAW, SHOWING ABUSE OF DIS-
CRETION IN GRANTING MOTION.—Motion for new trial, after con-
viction for seduction, on ground that jury failed to give defendant
the benefit of reasonable doubt, *held* not to raise question of law
only, showing abuse of discretion in granting motion.

Before GRIMBALL, J., Anderson, September, 1925. Af-
firmed.

Defendant was convicted of seduction, and from an order
granting a new trial, the State appeals. Appeal dismissed,
and case remanded for new trial.

*Mr. L. W. Harris,* for appellant, cites: *State's right to
appeal:* 120 S. E., 491; 44 S. E., 960; 56 S. E., 544; 67
S. E., .143. *Rule 77 Circuit Court sustained:* 114 S. E.,
408; 89 S. E., 398; 133 S. E., 545. *Same; applicable to
criminal cases:* 101 S. E., 79; 118 S. E., 424; 133 S. E.,
900. *Rules not repugnant or in conflict with law must be
complied with:* 15 C. J., 909, 914; 124 S. E., 648. *Jury
better qualified to pass upon facts in common law case than
Judge:* 120 S. E., 61; 112 S. E., 439; 118 S. E., 531.
*Questions relating to credibility of witnesses and inferences*

*drawn from testimony, for jury:* 52 S. E., 674. *On motion for directed verdict for insufficiency of evidence to sustain charge made in indictment; testimony taken most strongly against defendant:* 65 S. E., 236. *Verdict not disturbed where based upon any view of evidence which makes it accord with charge:* 66 S. E., 1047. *In absence of complaint presumption is that jury properly instructed:* 42 S. E., 173. *Where more than one inference from facts may be drawn by jury; error to set verdict aside and grant new trial.* 93 S. E., 187. *Where no testimony to base verdict, error to refuse new trial:* 53 S. E., 498; 60 S. E., 669. *Cited generally:* 133 S. E., 444; 127 S. E., 447; 130 S. E., 893; 109 S. E., 804; 55 S. E., 160; 55 S. E., 142; 123 S. E., 765. *Where verdict indicates miscarriage of justice, trial Judge empowered to grant new trial:* 123 S. E., 765. *Whether evidence adduced satisfies rule that "All facts and circumstances must be consistent with guilt of accused and inconsistent with his innocence," determined by jury:* 120 S. E., 359.

*Messrs. J. H. Price* and *H. C. Miller* for respondent.

April 13, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Dee Smith, was indicted for seduction under promise of marriage, and was tried and convicted at the September, 1926, term of the Court of General Sessions for Anderson County. A motion for a new trial was duly made upon the following grounds, as indicated in the "case," as settled by the trial Judge: (1) That the evidence was not sufficient to support the conviction; and (2) that the jury failed to give the defendant the benefit of the reasonable doubts. The trial Judge (Judge Grimball) granted the motion by the following order:

"The defendant was tried and convicted of seduction. This is a motion for a new trial. After hearing arguments,

it is ordered that the defendant be, and he is hereby, granted a new trial."

The State appeals from the order settling the "case" and from the order granting a new trial. We find no error in the order settling the "case."

The appeal from the order granting a new trial imputes error in the following respects: (1) Error in granting the motion for a new trial on the ground that the evidence was not sufficient to support the verdict when no motion for a nonsuit or directed verdict had been made on behalf of the defendant; and (2) error by the trial Judge in the abuse of his discretion in granting a new trial on the ground that there was not sufficient evidence to justify a conviction beyond a reasonable doubt.

It will be observed that in his order Judge Grimball assigned no reasons for granting a new trial. The grounds upon which the order was based, however, are set out in the record as indicated above. If the conclusions of the trial Judge, in granting the new trial, were conclusions inconsistent with the verdict rendered by the jury, reached from a consideration of the testimony adduced in the case, the order granting the new trial is not appealable.

In *Ingram v. Hines,* 126 S. C., 509; 120 S. E., 493, this Court quotes with approval the following from *Massey v. Adams,* 3 S. C., 263:

"If it (the order for a new trial) was founded, either wholly or in part, on a conclusion from the facts contrary to that of the jury, \* \* \* we cannot interfere."

See, also, *State v. Tarrant,* 24 S. C., 593.

The appellant insists, however, that the trial Judge committed an error of law in granting the new trial on the first ground stated by reason of the fact that no motion for a nonsuit or a directed verdict had been made by the defendant on the trial of the case, as required by Rule 77 of the Circuit Court, which is as follows:

"The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit or a motion to direct the verdict."

This rule has no application to motions for new trials; it is intended solely to regulate appeals from orders refusing such motions made upon the ground stated in the rule; it plainly provides that an appeal from such an order will not be entertained by this Court unless the appellant at the trial of the case shall have made a motion for a nonsuit or for a directed verdict upon the ground that there is no evidence to support the cause of action.

The appellant further insists that the second ground upon which the order granting a new trial was based raises a question purely of law, and that the trial Judge abused his discretion in setting aside the verdict and granting a new trial on this ground. We do not think that the question raised is one purely of law, but even if this were true, no abuse of discretion is apparent.

The judgment of this Court is that the appeal be dismissed and the case remanded to the Circuit Court for Anderson County, for a new trial under Judge Grimball's order.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and CARTER, and MR. ACTING ASSOCIATE JUSTICE R. E. WHITING concur.